Nassauer vs. Techner and others, Interveners.

NASSAUER, Respondent, vs. TECHNER and others, Interveners, Appellants.

*February 7 — February 23, 1886.*

*Fraudulent judgment: Right of attaching creditor to intervene: Practice.*

1. An attaching creditor who has secured a levy upon property which is in the hands of an officer by virtue of a previous levy thereon of an execution, may file a petition attacking the debt or judgment of the execution creditor for fraud, and have an issue made thereon and tried.

2. In such a case the attaching creditor must in some way prove his claim, in order to establish his character as a creditor.

3. Where the property has been sold on the first levy and the money is in the hands of the officer, such money may be paid into court and the trial of the issue of fraud postponed to await the rendition of judgment in the attachment suit.

Nassauer vs. Techner and others, Interveners.

APPEAL from the Circuit Court for *Milwaukee* County. The case is sufficiently stated in the opinion.

For the appellants there was a brief by *W. J. Turner, Cotzhausen, Sylvester, Scheiber & Sloan, Wallber & Schram,* and *Dey & Friend,* and oral argument by *Mr. Dey.* They argued, among other things, that anyone affected by a fraudulent judgment may invoke the aid of a court of equity. *Whittlesey v. Delaney,* 73 N. Y. 571–574; *Dobson v. Pearce,* 12 id. 156–165. And the practice pursued in this case to impeach the judgments for fraud, and to determine the rights of creditors to the moneys paid into court, has been sustained in *McDonald v. Allen,* 37 Wis. 108; *Allen v. Beekman,* 42 id. 185. The sheriff having, prior to the issue of the attachments, had the property in his possession, no new formal levy was necessary. *Wehle v. Conner,* 83 N. Y. 231. Those who, by attachment, have a specific lien upon personal property, have the right to question the *bona fides* of a judgment confessed, upon which an execution has been levied upon the property prior to attachment thereof, as well as any other •fraudulent disposition of the property. *Bates v. Plonsky,* 62 How. Pr. 429; *S. C.* 64 id. 232; *Leon v. Schram,* 58 Tex. 524; *Rinchey v. Stryker,* 28 N. Y. 45; *Thurber v. Blanck,* 50 id. 80; *Mechanics' & T. Bank v. Dakin,* 51 id. 519; *Falconer v. Freeman,* 4 Sandf. Ch. 565; *Thayer v. Willet,* 5 Bosw. 344; *Frost v. Mott,* 34 N. Y. 253; *Parshall v. Eggert,* 54 id. 18; *Hall v. Stryker,* 27 id. 596; *Heyneman v. Dannenburg,* 6 Cal. 376–380; *Cogburn v. Pollock,* 54 Miss. 639; Drake on Attach. (5th ed.), sec. 225.

For the respondent there was a brief by *Jenkins, Winkler, Fish & Smith,* and oral argument by *Mr. Fish.* They contended, *inter alia,* that the appellants, not being judgment creditors of Kahn, were in no position to attack the respondent's judgment and execution, or to have the moneys made on that execution applied towards the payment of their claims. *Wintringham v. Wintringham,* 20 Johns. 296;

*Frasier v. Frasier,* 9 id. 80; *Reubens v. Joel,* 13 N. Y. 488; *Wiggins v. Armstrong,* 2 Johns. Ch. 144; *Lowber v. Mayor,* 15 How. Pr. 125; *Beekman v. Kirk,* id. 231; *Mills v. Block,* 30 Barb. 549–551; *Montague v. Horton,* 12 Wis. 606; *Dunlevy v. Talmadge,* 32 N. Y. 457–460; *Ocean Nat. Bank v. Olcott,* 46 id. 12–18; *Geery v. Geery,* 63 id. 253–256; *Herring v. L. E. & W. R. Co.* 63 How. Pr. 502; *Neustadt v. Joel,* 2 Duer, 530, 531; *Crippen v. Hudson,* 13 N. Y. 161–165; Freeman on Judg. sec. 512; High on Injunc. sec. 94. Attaching creditors who have no lien upon the fund, stand in no better position than a creditor at large. *Martin v. Michael,* 23 Mo. 50; *Tennent v. Battey,* 18 Kan. 324–328; *Mills v. Block,* 30 Barb. 551; *Brooks v. Stone,* 19 How. Pr. 396; *Fort v. Fort,* 9 Wend. 442; *Weil v. Lankins,* 3 Neb. 384–386; *McMinn v. Whelan,* 27 Cal. 300–315; *Bigelow v. Andress,* 31 Ill. 322; *Melville v. Brown,* 16 N. J. Law, 363–367; *Bentley v. Goodwin,* 38 Barb. 633; *Griffin v. Nitcher,* 57 Me. 270–273; *Hall v. Stryker,* 29 Barb. 105.

ORTON, J. The respondent, on the 13th day of October, 1884, entered up judgment against Morris Kahn, the defendant, on judgment notes, and execution was issued, and the personal property of said defendant was levied upon. The appellants, as creditors of said Kahn, procured attachments against him, and said property was levied upon or taken by the same officer on the same, subject to the levy of said execution. The property was sold under said execution, and the sum of $3,516.90 made thereon, and still remained in the hands of the officer when said appellants filed their petition to have said money paid into court to await the trial of an issue to be made thereon, upon the charge therein that the said judgment notes were a sham, and given to defraud the petitioners and other creditors of said Kahn; and prayed that the judgment notes be declared void, and said judgment vacated and set aside, and that

said moneys be applied upon the attachments, and for further relief. The petition alleged that said money was less than would satisfy said execution, and that said Kahn was insolvent, and that all of his property consisted of that so levied upon and sold. The prayer of the petition was denied, and an order was made, on the motion of the respondent, that said moneys be paid to him. The appeal is from such order.

The only contention here upon this record is on the part of the respondent that said appellants were only general creditors, and had no right to have such issue tried or the money so paid upon their attachments; and on the part of the appellants that they held liens by the levy of their attachments on the property, and had the right to have such issue tried, and have the said money applied upon their attachments, or have the said money remain in court until they could obtain judgments on said attachment suits. As we understood the learned counsel of the respondent, they did not question the right of the appellants to have such trial and to have the money applied upon the payment of their claims if such issue was found adversely to the respondent, if they had judgments in said attachment suits and a levy so made upon the property, nor question the jurisdiction of the court in such a proceeding, or the practice adopted. Both the jurisdiction of the court and the practice adopted have been approved by this court in several cases analogous to this case, where there are contesting claimants of a fund in court. *McDonald v. Allen,* 37 Wis. 108; *Allen v. Beekman,* 42 Wis. 185; and other cases. But the precise questions of contention in this case have probably never been raised before in, or decided by, this court.

1. The right of attaching creditors who have secured a levy upon the property in the hands of an officer by virtue of a previous levy thereon of an execution, to file such a petition attacking the debt or judgment of the execution creditor

for fraud, and to have an issue made thereon and tried in the manner of this case, is sanctioned by many and most respectable authorities. Drake on Attachm. (sec. 225) has followed down the decisions of the supreme court and court of appeals of New York on this identical question, and is high authority that such is now the approved practice of courts, and cites *Hall v. Stryker*, 27 N. Y. 596; *Rinchey v. Stryker*, 28 N. Y. 45; *Bates v. Plonsky*, 35 N. Y. Sup. Ct. 112; *Thurber v. Blanck*, 50 N. Y. 80,— and many other cases in that state. *Angier v. Ash*, 26 N. H. 99; *Owen v. Dixon*, 17 Conn. 492; *Peck v. Whiting*, 21 Conn. 206; *Dixon v. Hill*, 5 Mich. 404. The case of *Leon v. Schram*, 58 Tex. 524, is precisely in point, both as to the principle and practice, as is also *Bates v. Plonsky, supra*. The principle is that the attaching creditor has a lien on the goods in the hands of the sheriff by his levy thereon, which gives him a standing in court to file his petition and have the issue of fraud tried. But in such cases the attaching creditor must, in some way, prove his claim, in order to establish his character as a creditor. We think this general practice is well established by the authorities.

2. But many of these cases have arisen and been disposed of before the property has been sold on the prior levy and the money made, when speedy action was necessary to avoid the consequences of delay. Such was the reason given in a case in point, of *Heyneman v. Dannenberg*, 6 Cal. 376. In *Mechanics' & T. Bank v. Dakin*, 51 N. Y. 519, where no such expedition was necessary, the creditor was required to first obtain a judgment in his attachment suit, and it was held that the service of the attachment created the lien, and the judgment determined that the lien should be enforced to the extent of the payment of the debt. In *Rinchey v. Stryker*, 28 N. Y. 45, there was need of dispatch, and the petition was entertained and the issue made, and pending the issue judgment in the attachment suit was ob-

tained.   These cases, we think, prefigure the correct practice in such a case as this, where the property has been sold on the first levy and the money is in the hands of the officer.   If their petition is not entertained, the money will be paid to the execution plaintiff, and the appellants' remedy, in any form, will be lost.   There is no special reason for a speedy and summary disposition of the case, for the money can be paid into court, and the trial of the issue be postponed to await the rendition of judgment in the attachment suits.   In this way the whole matter can be disposed of, and not leave the result of the trial of the issue of fraud to the hazard and uncertainty of obtaining judgment in the attachment suits some time in the future.   Judgment in the attachment suits might not be obtained and the action be defeated.   In such case the previous expensive and troublesome litigation on the petition and issue of fraud will have been fruitless.   We shall therefore adopt the practice so prefigured by the above cases, and hold that the petition in this case was properly presented to the court by the appellants by virtue of their lien upon the property by the levy of their attachments; and that the money was properly paid into court, and that it should remain there until by due course of law the appellants obtain judgments in their attachment suits, or are defeated therein; and that upon the rendition of such judgments the issue of fraud upon the petition be made and tried.   The loss of interest upon the money in the mean time, if no interest is obtained, is small and trifling in comparison with the denial of all possible remedy to the appellants.

*By the Court.*— The whole of the order of the circuit court, embracing the order denying the petition and the order that the clerk pay the money to the attorneys of the respondent, is reversed, and the cause is remanded for further proceedings according to this opinion.