Powers, Appellant, vs. Large and another, Interveners, etc., Respondents.

*October 15 — November 1, 1887.*

Partnership, *priority as between firm and individual creditors:* Practice, *intervention by attaching creditor.*

1. A creditor of an insolvent partnership, who obtains a lien upon the property of the firm before the same has been lawfully appropriated to pay the debt of a separate creditor of one of the partners, may intervene by petition in the action of the latter, and have the proceeds of such property applied first to the payment of his own debt, though the separate creditor had acquired his lien first.

2. Where the proceeds of partnership property, sold on execution in favor of a separate creditor of one of the partners are held by the sheriff by order of court, and no persons are interested therein except such creditor and the intervening creditors of the firm, their conflicting rights can be determined upon the petition for intervention, without resorting to an action in equity, even though no question of fraud is raised.

APPEAL from the Circuit Court for *Grant* County.

The case is sufficiently stated in the opinion.

*John D. Wilson,* for the appellant, contended that a petition to intervene should be granted only to protect the rights of the defendant or third persons against a fraudulent or unjust judgment. The plaintiff's judgment in this case is acknowledged to be just. 1 Wade on Attachment, sec. 37; *Horn v. Volcano Water Co.* 73 Am. Dec. 569; 13 Cal. 62; *New Orleans C. & B. Co. v. Beard,* 79 Am. Dec.

582; *Brown v. Saul*, 16 Am. Dec. 184; 4 Martin, N. S. 434; *Breslauer v. Geilfuss*, 65 Wis. 377; *Nassauer v. Techner*, id. 388; *Lacroix v. Menard*, 15 Am. Dec. 161. The interveners are estopped by the verdict in their own action against Powers and Stone from claiming that the goods belonged to that firm. Freeman on Judgments, secs. 285–292. They cannot intervene in an action at law, like this, but their remedy is in equity. *Backus v. Murphy*, 80 Am. Dec. 531; 39 Pa. St. 397; 1 Wade on Attachment, sec. 36. And their rights are to be enforced through the equities of the partners to have their assets applied to pay their joint debts. *Miller v. Estill*, 67 Am. Dec. 305; 5 Ohio St. 508; *Conroy v. Woods*, 73 Am. Dec. 605; 13 Cal. 626; *White v. Parish*, 73 Am. Dec. 204; 20 Tex. 688. All of the partners should therefore be made parties. *Smith v. Ford*, 48 Wis. 151. The equities of the partnership creditors were extinguished by a sale of the property on execution against one partner. *Baker's Appeal*, 59 Am. Dec. 752; 21 Pa. St. 76; *Coover's Appeal*, 70 Am. Dec. 149; 29 Pa. St. 9; Story on Partnership (6th ed.), secs. 263–4; 1 Wade on Attachments, sec. 264. Even if the petitioners had a right to intervene, their petition came too late. *Walker v. Dunbar*, 18 Am. Dec. 248; 7 Martin, 586; *Taylor v. Boedecker*, 22 La. Ann. 79; *Slocum v. Breedlove*, 28 Am. Dec. 135.

For the respondents there was a brief by *Clark & Mills*, and oral argument by *J. T. Mills*.

TAYLOR, J. The petition of the respondent shows that the appellant obtained a judgment against Frank L. Powers for the sum of $3,463.25 damages, and $23 costs, on the 8th of February, 1886. On the same date execution was issued on such judgment, and placed in the hands of the sheriff of the proper county. On the same day, by virtue of said execution, said sheriff seized upon all the goods and chattels of Frank L. Powers and S. Stone, as partners, and that all the

goods and chattels seized upon said execution were the goods and chattels of the said firm of Powers & Stone.

The petition further sets forth that the respondents were creditors of the firm of Powers & Stone, for goods theretofore sold to said firm, and that on the 11th day of February, 1886, they commenced an action against said Powers & Stone, to recover the amount due them; that in said action a writ of attachment was issued against the property of said Powers & Stone, and by virtue of such attachment, the goods and chattels in the hands of said sheriff, by virtue of his levy and seizure upon the execution above mentioned, were duly attached and duly appraised at the value of $2,548.34. The petition further alleges that at the time of the levy of said attachment, the only property owned by Powers & Stone, or by either of them, liable to execution, were the goods and chattels seized by them on such attachment. The petition further alleges that Powers & Stone are both insolvent, and that the execution issued upon their judgment obtained in the attachment action was, on the 2d day of April, 1887, returned unsatisfied.

The petition further sets forth that the sheriff proceeded to sell the property of said Powers & Stone upon the execution issued upon the judgment in favor of the appellant, and upon such sale he realized a large sum of money, more than sufficient to satisfy the judgment of the petitioners, and that such money is still in the hands of said sheriff, who holds the same under the order of the court to be paid over to such party or person as may be entitled thereto. The petition asks for an order of the court, directing the sheriff, or other officer or person having such money, to pay over to the petitioners the amount of their said judgment, etc. They also ask the court to make an order requiring the said *Lyman A Powers*, the appellant, to answer their petition.

The circuit court thereupon made an order requiring said *Lyman A. Powers* to answer said petition within twenty

days after service of a copy of the order and a copy of the petition upon him.

After the service of such order and petition, the said *Lyman A. Powers* appeared in court and filed a demurrer to said petition, stating the following grounds of demurrer: "(1) That the court has no jurisdiction of the person of the plaintiff, or defendant, or of the subject-matter set forth in the petition, or of the above-entitled action. (2) That the petitioners have not legal capacity to sue or intervene herein. (3) That there is another action pending between the parties hereto for the same cause. (4) That there is a defect of parties, both plaintiff and defendant, for the reason that Samuel Stone and Ora Richards, sheriff, should be made a party to this proceeding. (5) That several causes of action and grounds for relief have been improperly united. (6) That the petition does not state facts sufficient to constitute a cause of action, or entitle the petitioners to the relief prayed for. (7) That the action was not commenced, or petition filed for leave to intervene, within the time limited by law." The circuit court overruled the demurrer, and from the order overruling such demurrer the plaintiff, *Lyman A. Powers*, appeals to this court.

The case presents the following facts in brief: A creditor of one of the partners of an insolvent partnership obtains a judgment against such partner upon his individual indebtedness, and levies upon all the partnership property. A creditor of the partnership commences an action upon a demand due to him from the partnership, before the sale under the execution levy, and attaches the same partnership property for his partnership debt, and afterwards obtains judgment against the partnership. In the mean time, and after his attachment, the sheriff sells the property of the partnership, upon the execution, in favor of the individual creditor, and retains the proceeds of the sale in his hands to be paid over by order of the court, to the party entitled

thereto. The parties having the attachment and judgment against the partnership ask the court to direct the money in the hands of the sheriff to be appropriated, in the first place, to the payment of their judgment. That the petitioners are entitled to have the money so applied by some process of law cannot well be denied.

All the cases hold that in a contest between a creditor of one of two or more partners and a creditor of the partnership, the creditor of the partnership is to be preferred, if he shows that he has in any way obtained a lien upon the partnership property, before the same has been appropriated to the payment of the debt of the creditor of the individual partner. The petition clearly shows that the petitioners, the creditors of the partnership, had attached the partnership assets before the same had been sold on the execution in favor of the creditor of the individual partner. In such case it is wholly immaterial that the creditor of the individual obtained a lien first, so long as the property has not been sold before the lien of the creditor of the firm attaches. *Conroy v. Woods*, 73 Am. Dec. 605, 606; 13 Cal. 626; *Greenwood v. Brodhead*, 8 Barb. 594; *Wilder v. Keeler*, 3 Paige, 167; *Jackson v. Cornell*, 1 Sandf. Ch. 348; *Coover's Appeal*, 29 Pa. St. 9; 70 Am. Dec. 150. In this case the court say: " But when the joint creditors acquire a lien on the joint assets, either by assignment or by levy, no subsequent disposition of the property by the several partners, or by their separate execution creditors, can defeat such lien. It differs from a lien against a single member of the firm in this important particular: that the former is a lien on the chattels themselves, while the latter is a lien on the surplus only after payment of the partnership debts. The lien of the partnership creditor is in time if acquired before the sale. The moment their equity to the partnership property is thus secured, their rights become paramount, and no arrangement of the order of sale can give the separate cred-

itors a preference over him." This case, it appears to us, correctly states the law as to the relative rights of an individual creditor, and the rights of a creditor of the partnership, when both have acquired a lien upon the partnership assets, before a sale of the same has been made by the individual creditor.

The cases cited by the learned counsel for the appellant, which seem to hold a different rule, will be found upon examination to be cases in which the individual creditor of one of the members of the firm had been allowed to proceed and sell the property of the firm to pay his individual debt, before any steps were taken by the creditors of the firm to attach the property of the firm for their debts, or in any other way obtain a lien thereon. In such case the courts hold that the equitable lien of such creditors over the creditor of the individual is a lien to be worked out in the name of the partners, and not in their own names.

It is objected by the learned counsel for the appellant that if the petitioners have any right as against the claim of the appellant, it can only be enforced in an equitable action, and not by petition. We see no reason why the court cannot do justice in this matter upon the petition to distribute the fund in the hands of the court, as well as by an independent action. No persons appear to be interested in the fund except the appellant and the petitioners. The sheriff has no interest hostile to either, and there are no other creditors who would seem to have any interest. It is urged that the right to distribute the fund depends upon the good faith of the appellant in proceeding to sell, and as no fraud is charged, the petition should not be sustained. In the cases in which this court has held that the rights of contesting creditors to a fund arising from the sale of the property of the common debtor may be determined upon the petition of one of the claimants, it may have appeared that the rights of the petitioner in such

Powers vs. Large and another.

cases did depend upon the fraud of the claimant; but we are not aware that it was decided that, in order to give the court jurisdiction to make an order distributing such fund, it was necessary to charge and prove fraud on the part of the other claimant. If the court has jurisdiction to determine a question of fraud in order to base an order for the distribution, it would seem the court might, with much greater propriety, make an order of distribution when no fraud was involved, and only a question of law upon an admitted state of facts. See *Breslauer v. Geilfuss*, 65 Wis. 378; *Nassauer v. Techner*, 65 Wis. 388.

The right of a court to distribute a fund brought into court by the sale of property upon its order or writ has always been recognized, and is the well-known method of proceeding whenever there is a surplus arising upon the sale of real estate in the foreclosure of a mortgage, or other judicial sale. But if it were necessary that the element of fraud should exist to give the court the right to proceed by way of petition, that element would exist in this case. The petition shows that the firm, and the individuals comprising the firm, are insolvent, and unable to pay their debts; and if the creditor of the individual partner is permitted to apply the assets of the firm to the payment of his debt, it would be a fraud upon the creditors of the firm. See *Keith v. Armstrong*, 65 Wis. 225, 228, and cases there cited. This petitioner having acquired a lien upon the partnership assets out of which the fund in court was raised, he is in a position to intervene without the assent or co-operation of the partners.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.

See note to this case in 35 N. W. Rep. 53.— REP.