Espenhain and another, Respondents, vs. Meyer and others, Interveners, etc., Appellants.

September 7 — September 24, 1889.

*Attachment: Intervention to determine priority: Debt not due: Debt secured by notes: Discretion.*

1. An attachment for a debt not yet due being authorized by our statute, the fact that nothing was due to a creditor at the time of his attachment is not ground for intervention by another attaching to have his lien declared a prior one.

2. The mere fact that an attaching creditor had taken notes for the indebtedness to him, and had negotiated them, and that they were not due, is not sufficient, in the absence of fraud, to give priority to the lien of a subsequent attachment.

3. An intervening petition asking the court to award issues to determine the priority of attachment liens is addressed somewhat to the discretion of the court.

4. Such a petition stated, on information and belief, that the debtor had given notes to the plaintiffs for the indebtedness in suit, and

that such notes had been discounted at a bank, were not held by the plaintiffs, and were not yet due. The plaintiffs denied positively that the notes referred to in the petition were given for the indebtedness in suit. *Held*, that there was no abuse of discretion in refusing to award issues.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The respondents commenced an action against Franz Steinkirchner, as defendant, on May 15, 1889, to recover the sum of $2,200, alleged to be due from the defendant to the plaintiffs for goods sold and delivered. In that action the plaintiffs caused an attachment to be issued and the property of the defendant to be attached thereon. The interveners and appellants subsequently commenced actions against the defendant, and attached the same goods attached by the respondents. On the 15th day of June, 1889, the interveners obtained from the circuit court an order on the respondents to show cause why the court should not award issues to determine whether the said writ of attachment of the said respondents is a prior lien on the funds and money in the hands of the sheriff of Milwaukee county, as against the petitioners, and for further relief as justice and equity may require.

The petition upon which the order to show cause is founded shows that the goods attached in the action of the respondents, and in the actions of the petitioners, had been sold by the sheriff upon execution in favor of other parties, and the money arising upon such sale, or a part thereof, remained in the hands of such sheriff; and that a part of the money so in the hands of the sheriff would be applicable to the payment of the judgments, or some of them, recovered by the petitioners against the defendant, if it should be adjudged that their attachments and judgments obtained thereon should have preference over the attachment of the

respondents. The record also shows that, at the time the order to show cause was heard by the court below, the petitioners had obtained judgments against the defendant in all their attachment cases.

The petition shows that the defendant is insolvent, and alleges as a cause for avoiding the attachment of the respondents, and for adjudging that the attachments of the petitioners should be declared a prior lien upon the money in the hands of the sheriff, that there was nothing due from the defendant to the respondents at the time their action was commenced and their attachment levied. The material allegations of the petition upon this question are the following:

"Your petitioners further show, on information and belief, that at the time of the commencement of this action said Steinkirchner was not indebted to the said *Espenhain & Bartels* in said sum of $2,200, or any other sum, for merchandise purchased by said Steinkirchner from said *Espenhain & Bartels* between February 1, 1889, and May 1, 1889; but, on the contrary thereof, these petitioners allege that the said Steinkirchner had fully paid the said *Espenhain & Bartels* for all such merchandise sold to him by them between said dates, by giving to said *Espenhain & Bartels*, in payment for the merchandise purchased between February 1 and February 28, 1889, a note dated February 28, 1889, for the sum of $670.04, payable May 31, 1889, and for the merchandise purchased between February 28, 1889, and April 1, 1889, a note for $694.07, due July 3, 1889; and that for the merchandise which said defendant, Steinkirchner, had purchased from said *Espenhain & Bartels* between April 1 and May 1, 1889, the said defendant delivered to said *Espenhain & Bartels* his note for $503.45, payable July 3, 1889; that the said *Espenhain & Bartels* upon the delivery of said notes, discounted the same at the bank; and that neither of the said notes was held by said *Espenhain*

*& Bartels* at the time of the commencement of this action, nor was either of them due; and that they did not, at the time of the commencement of this action, have a cause of action as alleged in their said complaint, or for the amount of $2,200, against the said defendant."

To this charge, made by the petitioners, the respondents, on the hearing of the order to show cause, filed the affidavit of *John L. Bartels*, one of the plaintiffs, which reads as follows: "*John L. Bartels*, being first duly sworn, on oath deposes and says that he is one of the plaintiffs in the foregoing action, and one of the plaintiffs referred to in the petition herein on file, and that he makes this affidavit on his own behalf, as well as on behalf of his co-plaintiff, *F. C. Espenhain*, because all the facts connected with the business of the plaintiffs, as conducted and carried on in Milwaukee, Wis., are peculiarly within the knowledge of this affiant, he having charge and control of the business of the plaintiffs in this city and county; and that all the business of the firm of *Espenhain & Bartels*, as conducted and carried on with the defendant Franz Steinkirchner, was carried on wholly and entirely by this affiant. This affiant further alleges, from his own personal knowledge, that on the 15th day of May, 1889, the defendant, Franz Steinkirchner, was indebted to these plaintiffs in the sum of twenty-two hundred (2,200) dollars, as alleged in affiant's affidavit of attachment. Affiant further alleges that said indebtedness of twenty-two hundred (2,200) dollars is over and above the indebtedness secured by the notes referred to in the petition attached to the order herein, and that no part of the indebtedness of twenty-two hundred (2,200) dollars sued for in this action by the plaintiffs, was secured by either or any of the notes referred to in the petition herein; and that said notes, and the indebtedness purporting to be secured by them, were separate and apart from the indebtedness of twenty-two hundred (2,200) dollars, as alleged in affiant's affidavit for

attachment and in plaintiff's complaint now herein on file. Wherefore this affiant asks on his own behalf, and on behalf of his co-plaintiff, that said order herein asked for by petitioners be denied."

Upon the petition, and an amendment thereto setting forth that the defendant had absconded, and had made no appearance and taken no steps to defend said action of the respondents, and that he had no property except what had been seized and sold by the sheriff in actions then pending against him, and upon the affidavit of said *Bartels* and all the papers in said action, the circuit court denied the prayer of the petitioners and discharged the said order to show cause. From this order discharging the order to show cause the interveners appeal to this court.

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*.

For the respondents there was a brief by *Fiebing & Killilea*, and oral argument by *H. J. Killilea*.

TAYLOR, J. There was no question made upon the hearing of this appeal but that, upon a proper showing, the appellants had the right to intervene and have issues awarded, in order to try the question as to the priority of the liens of the appellants and respondents upon the money in the hands of the sheriff arising from the sale of the property attached by them in their respective actions. It was alleged by the parties that the court below refused to grant the issues as prayed for on the sole ground that the statements made in the petition and in the amended petition did not make out a case which made it imperative upon the court to award the issues as prayed for.

The power of the circuit court to award issue to try the respective rights of parties having liens by attachment or judgment and execution upon the property of the same de-

fendant, when such property has been sold and the money arising from such sale is in the hands of the sheriff or when it has been paid over by him to the court, is well established by the decisions of this court. See *Breslauer v. Geilfuss,* 65 Wis. 377; *Nassauer v. Techner,* 65 Wis. 388; *Powers v. Large,* 69 Wis. 621. The like practice has been adopted in other courts. See the cases cited in the opinion in *Nassauer v. Techner,* 65 Wis. 392. See, also, Drake, Attachm. §§ 273 *et seq.*

It will be seen by an examination of the matters stated in the petition of the interveners, that the ground upon which they rely to have their attachments declared a prior lien to that of the respondents is not that the common defendant was not indebted to the respondents on account of goods sold and delivered by them to such defendant, but, admitting such sale and delivery and indebtedness, they allege that there was nothing *due to* the respondents at the time of the commencement of their action and the issuing of their attachment. This would be a good ground for the intervention of the appellants, under the decisions of the courts of those states in which a proceeding by attachment cannot be commenced except upon a debt due at the commencement of the action. *Ayers v. Husted,* 15 Conn. 504; *Walker v. Roberts,* 4 Rich. Law, 561; *Patrick v. Montader,* 13 Cal. 434; *Davis v. Eppinger,* 18 Cal. 378; *Henderson v. Thornton,* 37 Miss. 448; *U. S. Exp. Co. v. Lucas,* 36 Ind. 361; *Lytle v. Lytle,* 37 Ind. 281; *M'Cluny v. Jackson,* 6 Grat. 96; *Hale v. Chandler,* 3 Mich. 531; *Ward v. Howard,* 12 Ohio St. 158; Drake, Attachm. §§ 274, 275. These authorities, it seems to us, can have no force in this state, where it is expressly provided by statute that a creditor whose debt is not due may proceed by attachment (ch. 233 and ch. 256, Laws of 1880), when such creditor proceeds by attachment in the manner provided by said chapters.

It is very clear that the interveners do not charge that

the respondents did not sell and deliver goods to the defendant which he had not paid for, and for which he was indebted either to the respondents or to some other person; but they say he was not indebted to the respondents because they had taken the notes of said defendant for the price of such goods, that the respondents had negotiated such notes, and that they were not yet due. There is no allegation that these notes were transferred to the bank without recourse to the respondents; and the fair presumption is that they were negotiated in the usual way, and that the respondents are liable for their payment when due. Nor is there any allegation in the petition that such notes are not subject to the control of the respondents. It is very clear that, under the decisions of this court, the taking and negotiation of these notes is not a defense to an action for the goods sold and delivered. In the absence of fraud in the transaction between the respondents and the debtor, the taking of the notes was a simple postponement of the day of payment until the notes became due. After the notes became due, the respondents could maintain their action for the goods sold, and could recover in such action by bringing the notes into court and canceling the same.

I have made the foregoing statement, not for the purpose of showing that it was an answer to the petition in this case, but for the purpose of showing that the facts alleged in the petition do not show any such fraud on the part of the respondents as would entitle them to a priority, had the respondents seen fit to proceed by attachment for the price of the goods for which notes were in fact taken. But the respondents, in their answer to the allegation of the petition, deny positively that the notes set out in the petition were given for any part of the indebtedness due them from the defendant, upon which their action was based, but that such indebtedness was for other goods sold, to the value of the said $2,200, which had not been paid for, and for which

no notes had been given. The petitioners state, upon information and belief, that there was nothing due the respondents from the defendant for goods sold and delivered between the 1st day of February, 1889, and the 1st day of May, 1889; and the information upon which their belief is founded is that they find that, during that period of time, the respondents received of the defendant three notes, payable at a future date,— one for $670.04, dated February 28, 1889; one for $694.07, dated April 1, 1889; and one for $503.45, dated May 1, 1889. The respondents deny positively that these notes were given for any part of the goods sold upon which they claim an indebtedness from the defendant to them of $2,200, and for which sum their action is brought. The petitioners do not allege any fraud on the part of the respondents, or any collusion on the part of the defendant to give the respondents an unlawful preference over the other creditors for their alleged debt, but, by implication, admit that the respondents have a just claim against the common debtor for nearly $1,900, but which was not due at the time their action was commenced.

The petitioners make, at best, a very unsatisfactory showing upon which to claim the relief asked. This is not a proceeding which may be claimed as an absolute right on the part of the petitioners. The whole subject is addressed somewhat to the discretion of the equity side of the court; and we think that the learned circuit judge did not abuse his judicial discretion in refusing to grant the prayer of the petitioners in this case. If the respondents are, in fact, proceeding to collect a fraudulent claim against the defendant's property upon which the petitioners have a lien, they have other ample remedies to prevent such fraud; and the refusal of the court to award issues in this proceeding will be no bar to such remedies.

*By the Court.*— The order of the circuit court is affirmed.