Powers, Appellant, vs. Large and another, Interveners, Respondents.

*November 13, 1889 — January 28, 1890.*

*Partnership: Priority of liens as between firm and individual creditors: Estoppel: Intervention: Equity: Advisory verdict.*

1. The plaintiff, who held a judgment note against his son, knew that the son and his son-in-law were holding themselves out and doing

business as partners and buying goods as such, and that they were insolvent, but did not disclose to any one the fact that he held such note. *Held,* that as against creditors who had sold goods to them as partners, he was estopped to deny the partnership or to enforce prior payment of said note out of their stock in trade as being the property of his son only.

2. A proceeding by intervening petition to enforce a lien on goods as partnership property in preference to a lien thereon as the property of one of the individual partners, is equitable, and the verdict of a jury therein is merely advisory.

APPEAL from the Circuit Court for *Grant* County.

The cause was before this court on an appeal from an order overruling a demurrer to the petition of the interveners. That order was affirmed. 69 Wis. 621. Afterwards the plaintiff filed an answer to such petition, which in effect denied that the goods levied upon and sold under the execution on his judgment were the property of the firm of Powers & Stone, or that any goods were sold to Powers & Stone by the petitioners or other creditors, or that any such firm ever existed; and alleged that all of said goods were sold to Frank L. Powers, and were his sole property, subject to the payment of his debts only, and that the plaintiff's judgment and execution were valid and not fraudulent. Upon the trial of the issue made by this answer a jury was impaneled and answered a number of questions submitted by the court. Afterwards the court made and filed its findings of fact, the substance of which will be found stated in the opinion. As a conclusion of law from such facts the court found that the lien of the interveners upon the money in the hands of the sheriff to the amount of their judgment and costs is superior to the lien of the plaintiff under his execution against Frank L. Powers, and that the interveners are entitled to the relief prayed for in the petition. From the judgment entered accordingly the plaintiff appeals.

For the appellant there was a brief by *John D. Wilson,*

attorney, and *Wm. E. Carter*, of counsel, and oral argument by *Mr. Carter*.

For the respondents there was a brief by *Clark & Mills*, and oral argument by *J. T. Mills*.

The following opinion was filed December 3, 1889:

ORTON, J.   The findings of the court on the material questions of fact in this case are substantially as follows: In March, 1885, Frank L. Powers gave to his father, the appellant, his judgment note for $3,240. In February, 1886, judgment was entered upon said note, and an execution was issued thereon, and levied upon a stock of goods in the possession of Frank L. Powers, as claimed by the appellant, or in possession of Powers & Stone, as claimed by the respondents.   The respondents, *Large & Amsden*, caused an attachment to be issued against said Powers & Stone, and to be levied on the same goods, subject to said execution, and subsequently recovered judgment against said Powers & Stone in said attachment suit, and execution was thereafter issued thereon, and returned "No property found." In the mean time, the goods were sold under the execution of the appellant, and the proceeds deposited in court, and the said respondents, by their petition as interveners, asked that said moneys be applied to the payment of their judgment, the fund being sufficient for that purpose.   It was further found that Powers & Stone both held themselves out as partners as early as October, 1885, and afterwards, and purchased goods of divers persons as such, among whom were the said respondents, and held themselves out as such partners in the ownership of said goods and business.   The appellant never disclosed to any who sold said Powers & Stone goods, including the respondents, that he held said judgment note, and he knew that said Powers & Stone were holding themselves out as partners to those who sold them goods and others, and knew the condition of said part-

nership, and that it was making such purchases from the respondents and others, and never disclosed to any of its customers that he held said note. The firm of Powers & Stone, and each and both of them, are insolvent, and said goods constituted their entire property. The facts are more fully stated in the petition in the case which came to this court by appeal from the order overruling the demurrer to the same, and reported in 69 Wis. 621.

It is strenuously contended by the learned counsel of the appellant that these controverted facts were not proved. It would be useless to specially refer to the testimony to determine whether these findings in respect to such facts are sustained by it. It is sufficient that there was evidence to support them. The weight and credibility of such evidence the circuit court had better facilities of determining than this court can have from the mere record thereof. There was evidence that the said Powers & Stone did hold themselves out as copartners to the respondents and others, and purchased goods as such, and that the said appellant knew of it and knew that they were generally doing business as such, and that he did not disclose to them his large personal claim against Powers alone, but allowed the respondents and others to sell them goods as copartners, without any objection, and that he stated to them at one time that they were doing business as partners, or alluded to them as such, and that Stone had gone into the concern to strengthen it. The relationship between the appellant and Powers & Stone gives color to this evidence; Frank Powers being the appellant's son, and Stone his son-in-law. The circuit court did not find any direct fraud in the case, for it was not necessary. But these *indicia* of fraud give force to the claim of the respondents that their attachment lien on the goods as partnership property ought to be preferred to this undisclosed claim of the appellant, the father, against Frank Powers, the son. The circuit court did not find that

Powers & Stone were in fact, or as between themselves, partners, but it was found that they bought the goods of the respondents as such, and held themselves out as partners, and made purchases as such for replenishing their stock, and were, to all intents and purposes, ostensible partners, and that the appellant knew that they were thus doing business and that they were insolvent beyond this stock of goods which he afterwards seized on execution, and that was sufficient. The conclusion from these facts is that the appellant is estopped from denying that Powers & Stone were in fact partners as to these respondents and their partnership claim. It seems to me that the evidence makes a very strong case against the appellant, and in favor of giving preference to the respondents' lien on the goods, and of making application of the fund, or so much thereof as may be necessary, to pay their judgment.

The question whether this case in favor of the respondents is *equitable*, was, in effect, disposed of by this court on the former appeal. The point was then made that the respondents ought to have brought suit in equity for such relief, and this court held that such relief could as well be obtained on the petition of the interveners in this case as by an independent action. If it would be a matter in equity in an independent action, as contended, it will be no less in equity by petition in this form. It is very clearly an equitable proceeding. It is to enforce the lien of the respondents on the goods, as partnership property, in preference to the appellant's claim against one of the individual partners. It being an equitable proceeding, the court is responsible for the findings and may, of course, find any facts different from the jury, or set aside their verdict. The verdict is only advisory in such a case, and is not binding on the court. *Johnson v. Johnson*, 4 Wis. 135; *Gill v. Rice*, 13 Wis. 549.

The learned counsel of the respondents contend that the

judgment in their favor against Powers & Stone, as partners, on an issue of partnership, is conclusive in this case of that question. That we do not decide, as, in our opinion, the evidence sufficiently shows that they held themselves out as partners to the knowledge of the appellant, and that they contracted the debt to the respondents as such, and it is not necessary to give such effect to the judgment, if in law it has such effect.

There are no legal questions involved in the record or applicable to the case that are not familiar or disposed of on the former appeal. The case on this appeal is one of fact, and we think that the findings of the court are sustained by the evidence

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied January 28, 1890.