Shakman vs. Schwartz.

SHAKMAN, Respondent, vs. SCHWARTZ, Intervener, Appellant.

*November 15 — December 11, 1894.*

*Attachment: Priority: Debt not due: Error in date: Amendment.*

1. The fact that the debt for which an attachment was issued was not due is not, in this state, ground for intervention to obtain priority for a subsequent attachment.

2. In an action upon a demand note an attachment was issued and levied on the day the note was given, but by mistake the note and the attachment papers were dated as of the following day. *Held,* that this did not render the attachment void as to subsequent attaching creditors. The mistake in the writ was merely an irregularity which might be cured by amendment.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

The defendants, Charles W. E. Sommermeyer, Lena Brimi, and Anna Huebner, were copartners, doing business under the firm name and style " Boston One Price Clothing House."

Between the copartners it was agreed that Sommermeyer should furnish capital from $10,000 to $20,000. He had no money, but had land. He mortgaged the land to the plaintiff to establish a line of credit and as security for such debt as the firm should contract with him by the purchase of goods. The firm became insolvent and failed. The plaintiff attached their entire stock of goods. On the 26th day of October, 1893, the Boston One Price Clothing House gave him a note for $7,095.95, the amount of its indebtedness to him, due on demand. On the same day the plaintiff had an attachment issued and levied. It was afterwards discovered that the note and all papers in the attachment proceedings were dated October 27, 1893. The appellant was a creditor of the firm, and attached the same goods on the 26th day of October, 1893, but subsequent to the levy of the plaintiff's attachment. She afterwards intervened to have the plaintiff's attachment set aside as void, because plaintiff's debt was not due, because his attachment was collusive and fraudulent as against subsequently attaching creditors, and because the attachment was void because it appeared by the return that it had been levied before its date. Issues were awarded, which were all found by the trial court in favor of the plaintiff. The appellant filed exceptions and appealed.

For the appellant there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.* They contended, *inter alia,* that the defendant's writ as well as affidavit and undertaking, being dated October 27, had no legal existence before that time, and could confer upon the officer no authority to execute it until that time. The plaintiff's attachment, having been duly issued and levied on the 26th, is, therefore, the prior attachment on the property. Waples, Attachm. & Gar. (1st ed.), 259; Drake, Attachm. (7th ed.), § 183c; Wade, Attachm. § 141; *Berry v. Spear,* 13 Me. 187; *Dame v. Fales,* 3 N. H. 70; *Hochlander v. Hochlander,* 73 Ill. 618. Where the record shows that a writ of attachment

was not executed during the life of the writ, the attachment is void. *Holzman v. Matinez*, 2 N. M. 271; *Nance v. Barber*, 26 S. W. Rep. 151; *Bunn v. Thomas*, 2 Johns. 190; *Burk v. Barnard*, 4 id. 309; *Holliday v. Cooper*, 3 Mo. *286; *Miller v. Handy*, 40 Ill. 448; *Wilson v. Stricker & Co.* 66 Ga. 575. The writ of a subsequent attaching creditor will not be affected by the amendment of a mistake in the first attaching creditor's writ, although appearing manifestly on the face of the writ to have been occasioned by a mere slip of the pen. *Putnam v. Hall*, 3 Pick. 445; Drake, Attachm. §§ 184*b*, 187*b*; *Ohio L. Ins. & T. Co. v. Urbana Ins. Co.* 13 Ohio, 220; *Bessey v. Vose*, 73 Me. 217; *Kittredge v. Gifford*, 62 N. H. 134; *Peters v. Conway*, 4 Bush, 566; Waples, Attachm. & Gar. 125, 492.

For the respondent there was a brief by *Miller, Noyes & Miller*, and oral argument by *B. K. Miller, Jr.* They argued, among other things, that the error in the date is a mere irregularity and does not annul the writ. *Salter v. Hilgen*, 40 Wis. 363; *Fitzpatrick v. Flannagan*, 106 U. S. 650. A writ of attachment is "process," and amendable under sec. 2830, R. S. *Carey v. German Am. Ins. Co.* 84 Wis. 84. The policy of the statutes is to avoid the invalidation of process by mere technical errors; and the court has always been liberal in allowing amendments and in upholding proceedings when attacked collaterally. *Sabin v. Austin*, 19 Wis. 421; *Strong v. Catlin*, 3 Pin. 121; *Lederer v. C., M. & St. P. R. Co.* 38 Wis. 244; *Keehn v. Stein*, 72 id. 196; *Marshall & Ilsley Bank v. Milwaukee W. Mills*, 84 id. 23; *Wolf v. Cook*, 40 Fed. Rep. 432. A large number of decisions in other jurisdictions hold process both mesne and final, containing clerical errors, to be merely irregular and not void. *Chicago Dock & C. Co. v. Kinzie*, 93 Ill. 415, 431; *Kelly v. Harrison*, 69 Miss. 856. The following are other cases of errors held to be merely irregularities: Errors in the date of process: *Green v. Walker*, 37 Me. 25

(execution); *Suydam v. McCoon,* Coleman & C. (N. Y.), 64 (*fieri facias*). Errors in the statement of the return day: *Hamilton v. Ingraham,* 121 Mass. 562 (writ); *Jackson v. McLean,* 90 N. C. 64 (summons); *Cramer v. Van Alstyne,* 9 Johns. 386 (execution); *Dodge v. Hunter,* 85 Me. 121 (writ and attachment thereon). *Testatum* clause entirely lacking: *McIntyre v. Rowan,* 3 Johns. 144 (*capias ad satisfaciendum*). Error in the signature of clerk or judge: *Pepoon v. Jenkins,* Coleman & C. (N. Y.), 60 (writ); *Parsons v. Swett,* 32 N. H. 87 (writ); *McCormick v. Meason,* 1 Serg. & R. 92 (*venditioni exponas*); *Henderson v. Graham,* 84 N. C. 496 (summons); *Austin v. Lamar F. Ins. Co.* 108 Mass. 338 (writ); *Jett v. Shinn,* 47 Ark. 373 (writ); *Baker v. Swift,* 87 Ala. 530 (summons in detinue); *Guarantee T. & S. D. Co. v. Buddington,* 23 Fla. 514 (citation). Error in the judge's name in the *teste: Nash v. Brophy,* 13 Met. 476 (writ in garnishment action); *U. S. v. Turner,* 50 Fed. Rep. 734 (summons). Error in attorney's name: *Jewett v. Garrett,* 47 Fed. Rep. 625 (summons). Error in regard to the seal of the court: *Hall v. Lackmon,* 50 Ark. 113 (execution); *Jump v. McClurg,* 35 Mo. 193 (attachment); *Winchell v. McKenzie,* 35 Neb. 813 (attachment). Error in the direction to the officer: *Morrell v. Cook,* 31 Me. 120 (writ and attachment thereon); *Parker v. Barker,* 43 N. H. 35 (writ and attachment thereon); *Herring v. Kelly & Co.* 96 Ala. 559 (attachment). Misnomer of party: *Crafts v. Sikes,* 4 Gray, 194 (writ). Error in caption, "In the name of the people," etc.: *Livingston v. Coe,* 4 Neb. 379 (attachment). Erroneous recitals of a previous essential proceeding in the action: *Rock Island Plow Co. v. Breese,* 83 Iowa, 533 (attachment); *Chase v. Gilman,* 15 Me. 64 (execution). Excessive amount: *Bissell v. Kip,* 5 Johns. 89 (execution). The cases in Maine cited by the appellant are instances of a very strict construction. That court went so far as to hold process without the seal of the court absolutely void. *State v. Flem-*

*ming,* 66 Me. 142.    But even in Maine the later cases show a more liberal tendency.    *Dodge v. Hunter,* 85 Me. 121.    A mere irregularity in proceedings cannot be set up by an intervening attaching creditor.    *Marshall & Ilsley Bank v. Milwaukee W. Mills,* 84 Wis. 23.    The appellants were bound to make the objection first in the lower court, so that the plaintiff could apply there for leave to amend the writ. *Morris v. Peck,* 73 Wis. 482; *State v. Leaver,* 62 id. 387; *Jump v. McClurg,* 35 Mo. 193.    Creditors cannot intervene and traverse plaintiff's attachment affidavit.    *Rice v. Wolf,* 65 Wis. 5; *Landauer v. Vietor,* 69 id. 434–442; *First Nat. Bank v. Greenwood,* 79 id. 275; *Kling v. Childs,* 30 Minn. 366.    Even for defects apparent in the record no one can traverse except the attachment debtor.    *May v. Courtnay,* 47 Ala. 185.    Much less can interveners traverse the affidavit of attachment for matters *dehors* the record.    *Cockrell v. McGraw,* 33 Ala. 526; *Metts v. P. & A. L. Ins. Co.* 17 S. C. 120; *Copeland v. P. & A. L. Ins. Co.* id. 116.    Attaching creditors cannot intervene in order to interfere with the attachment proceedings.    *Petition of Cross,* 17 R. I. 568; *Dennis v. Spencer,* 51 Minn. 259.

NEWMAN, J.    It is not seriously contended that there was evidence to sustain the claim that the plaintiff's attachment was collusive or fraudulent; nor that it was not founded on a genuine *bona fide* debt for the amount claimed.    The evidence abundantly established the good faith and genuineness of the debt and the good faith of the attachment.    But it is claimed that the plaintiff's attachment is void as against the appellant's attachment, because it appears that the plaintiff's debt was not due and payable at the time when it was issued and levied, and because it was levied prior to its date.    The plaintiff's claim was for goods sold by him to the defendant the Boston One Price Clothing House, and was due.    On the day when the attachment was issued and

levied, the Boston One Price Clothing House gave the plaintiff its promissory note, due on demand, for the amount of its indebtedness to him. This was on the 26th day of October, 1893. By a mistake in the calendar day, it was dated October 27, 1893, without intention to postdate it; so that, upon its face, it did not appear that the note was payable on the day when the attachment was issued and levied. It is claimed that the note so misdated had the effect to postpone the time when the debt became payable to the day succeeding the issue and levy of the attachment, and that for that reason the plaintiff's attachment is void as against the appellant's attachment.

It is clear that the objection is merely a technical one, having nothing to do with the justice or equity of the matter involved here. The purpose of the proceeding by intervention in such cases is to have the attached property or its proceeds applied to the payment of the debts of the common debtor in the order of their priority, according to fair legal principles. Ordinarily, the order of priority is the order in which the several attachments have been levied. The fact that the debt for which a prior attachment is issued is not due is in some states good ground for intervention, but it is not in this state. *Espenhain v. Meyer*, 74 Wis. 379. The fact that the debt is not yet due, it would seem, can be taken advantage of only by the debtor himself. And his failure to take advantage of it could be no wrong to a subsequently attaching creditor, even if the purpose of the debtor was to facilitate a preference of one creditor over other creditors. Such a preference is not unlawful. *Landauer v. Vietor*, 69 Wis. 434; *First Nat. Bank v. Greenwood*, 79 Wis. 269. But if, in this case, the plaintiff's claim was not technically due, that was by reason of an inadvertence merely, and not in accordance with the intention of the parties. To give effect to the intention of the parties involves no violation of legal principles or of justice and equity.

The same mistake was made in the date of the attachment papers. The attachment was issued and levied, in fact, on the 26th day of October, 1893. The attachment itself was dated October 27, 1893. It is claimed that this mistake makes the attachment void as against subsequently attaching creditors; and decisions are found which are to that effect. But that cannot be the law here. The writ is amendable to conform to the facts. The law requires all writs to run in the name of the state of Wisconsin; to be sealed and dated. R. S. sec. 2421. An attachment is a writ. *Chase v. Hill*, 13 Wis. 222. Obviously the date is a no more material part of the writ than the seal or that it runs in the name of the state. These are all mere matters of form, material only because required by the statute. A writ is not void because it fails to run in the name of the state (*Ilsley v. Harris*, 10 Wis. 95); nor for want of a seal (*Corwith v. State Bank*, 18 Wis. 560); nor, by parity of reason, for want of a date or for a mistaken date. The omission of either is an irregularity merely which may be cured by amendment. R. S. sec. 2830. The policy of the statute and of the court is to save the substance from loss through mere mistake of form. The service of a writ of attachment which is merely irregular, and not void, gives a lien upon the goods attached. The lien is not displaced by an amendment which merely cures a formal mistake. That the date of the writ was a mistake was obvious. The circuit court disregarded the irregularity. It arrived at the same result as by formal amendment. There was no error.

*By the Court.*— The judgment of the circuit court is affirmed.