THE ARKANSAS CITY LUMBER COMPANY v. S. B. SCOTT.

No. 164.

ATTACHMENT — *error to dissolve, on account of wrong date in jurat of affidavit.* Where the jurat to an affidavit for attachment is by mistake post-dated so that the same appears to have been sworn to subsequent to the issuance of the writ, it is error to refuse to permit an amendment to said affidavit, and to dissolve an attachment on account of such erroneous jurat.

Error from Cowley District Court. Hon. M. G. Troup, Judge. Opinion filed January 5, 1897. *Reversed.*

ARKANSAS CITY LUMBER CO. v. STONE.    637

Jan. 5, 1897.          Opinion.   Cole, J.          C. Div.

*Pollock & Love*, for plaintiff in error.

No appearance.for defendant in error.

COLE, J.  Plaintiff in error brought its action in the District Court of Cowley County upon a promissory note and, at the time of commencing such action, filed an affidavit for the issuance of a writ of attach-ment, which was duly issued ; afterwards a motion asking the dissolution of the attachment upon several grounds was filed and heard by the judge of said court at chambers, and the judge dissolved the attachment upon the ground "that the attachment affidavit on which the said order of attachment was issued did not show upon its face that it had been, or was, sworn to at the time such order of attachment was issued."  From this order the plaintiff in error brings the case here for review.

In dissolving the attachment for the grounds stated the judge of the District Court committed error.  It appears from the evidence that the affidavit in question was made prior to the time when the writ issued, but that by an error of the officer the jurat attached to said affidavit was dated one day subsequent to the issuance of said writ.  There can be no question under the evidence but that the affidavit was properly sworn to, and the defect complained of was merely one of form and not of substance.  The district judge had the power at chambers to hear the motion to dissolve and also the power to permit an amendment of the affidavit, and, when it was clearly shown that the date in question was erroneous and that the affidavit had been properly sworn to and filed, it was the duty of the judge to permit an amendment thereto so that it might conform to the facts, and it was error to re-

fuse permission to make such an amendment. *Stout v. Folger*, 34 Iowa, 71; *Shakman v. Schwartz*, 89 Wis. 72, 61 N. W. Rep. 309; *Wells, Fargo & Co. v. Danford*, 28 Kan. 487.

This being the only ground upon which the dissolution of the attachment was ordered, the ruling of the District Court must be reversed and this cause remanded with direction to permit the amendment in question to be made and for further proceedings, in accordance with this opinion.