## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

## OF

# NORTH DAKOTA

---

**BANK OF SANBORN, a Corporation, Appellant, v. NELLIE FRANCE, and W. H. France, Respondents.**

(177 N. W. 375.)

**Fraudulent conveyances — one seeking to set transfer aside must have vested and specific lien therein.**

1. Where a creditor seeks to set aside a transfer of property, as one in violation of the provisions of § 7220, Comp. Laws, 1913, it must appear from the pleadings, proof, or facts existing in the case, that one seeking to have such transfer set aside has a vested and specific lien upon the property claimed to have been fraudulently transferred as for illustration, a judgment upon which an execution has been issued and returned, wholly or in part unsatisfied, or a lien acquired by attachment proceedings, etc.

---

.Note.—On effect of participation by purchaser in fraud of vendor which will invalidate transfer for good consideration as against the vendor's creditors, see note in 32 L.R.A. 33, from which it appears that under the statutes of the different states the rule seems to be practically universal that in order to render a sale void as to creditors it is not only necessary that the vendor should have entertained a fraudulent design, but it is also necessary that the vendee should have participated in it.

On necessity of participation by the grantee or transferee in the fraud of the grantor or transferrer in order to avoid a voluntary conveyance or transfer as against creditors, see note in 17 A.L.R. 728.

See also 12 R. C. L.. 535; 2 R. C. L. Supp. 1451; 4 R. C. L. Supp. 762.

**Fraudulent conveyances — to set transfer aside fraud on part of transferee must also appear.**

2. Where the creditor seeks to set aside a transfer of property, on the ground that the transfer is fraudulent, it must appear, not only, that the debtor fraudulently transferred the same, but, as well, it must appear the transferee co-operated and acted with the debtor to consummate the fraud.

**Fraudulent conveyances — complaint demurrable.**

3. For the reasons stated in the opinion, the demurrer to the complaint is properly sustained.

Opinion filed April 2, 1920.

Fraudulent Conveyances, 27 C. J. § 175 p. 506 n. 95: § 573 p. 723 n. 25; § 657 p. 765 n. 98, 99, 1, 2; p. 766 n. 4; § 682 p. 775 n. 10.

Appeal from an order of the District Court for Barnes County, *Englert, J.*

Order affirmed.

*Winterer, Combs & Ritchie,* for appellant.

It is not necessary to allege or prove either the bankruptcy or insolvency of the parties making the fraudulent conveyances at the time of the making of the same in a complaint to set aside a conveyance as fraudulent against creditors under our statute. Crary v. Kurtz, 132 Iowa, 105, 105 N. W. 590; Buttz, Trustee, etc., v. James, 33 N. D. 162.

Such transfers are void as to all creditors. Salemonson v. Thompson, 13 N. D. 182, 101 N. W. 320.

"Where a transfer is made without valuable consideration, . . . which devests the grantor of all his property . . . and operates to defeat the collection of debts owing by him, such conveyance must be held to have been made in fraud of creditors." Johnson v. Rutherford, 28 N. D. 37, 147 N. W. 390.

A man involved in debt has no right to give away his property at the expense of his creditors. He must be "just before he is generous." 14 Am. & Eng. Enc. Law, 245, 246; Daisy Roller Mills v. Ward, 6 N. D. 317, 70 N. W. 271.

"By statute in some of the states a new equitable right is created, whereby a simple contract creditor may maintain a suit to set aside a fraudulent conveyance of his debtor without the previous recovery of a judgment at law, and may recover his judgment in the very suit in

which the equitable relief is sought." 20 Cyc. 728; Grunsfeld v. Brownell, 70 Pac. 310; Early Times Distillery Co. v. Zeiger, 9 N. M. 31, 49 Pac. 723; Steener Land, etc., Co. v. King, 118 Ala. 546, 24 So. 35; 5 Enc. of Pleading and Practice, page 476 and cases cited in the notes to the text quoted; Middlebrooks v. Moor Handly Hardware Co. 78 So. 829; Green v. Mobley, 99 S. E. 814.

Relief will be granted without a judgment when to obtain it would be obviously unavailing. Brown v. Campbell, 100 Cal. 635, 35 Pac. 433; Riverside National Bank v. Eastman, 144 Cal. 487, 77 Pac. 1043; 12 R. C. L. page 630.

"The term 'creditors' includes all parties who have demands, accounts, interests, or causes of action for which they might recover any debt, demand, penalty, or forfeiture." Soly v. Aasen, 10 N. D. 108, 86 N. W. 108; West Point Min. etc., Co. v. Allen, 143 Ala. 547, 39 So. 351; Sides v. McCullough, 12 Am. Dec. 519; Foley v. Ruley, 50 W. Va. 158, 40 S. E. 382, 55 L.R.A. 916; Carr v. Davis, 64 W. Va. 522, 63 S. E. 326, 16 Ann. Cases, 1031, 20 L.R.A.(N.S.) 58; Overmire v. Hayworth, 48 Minn. 372, 51 N. W. 121.

"The object of this statute is to protect creditors, and it makes no difference whether their claims have been reduced to judgment or not at the time of the conveyance." Thuringer v. Trafton (Colo.) 144 Pac. 867; Gregory v. Filbeck, 12 Colo. 379, 21 Pac. 489; Mulock v. Wilson, 19 Colo. 296, 35 Pac. 532; Fahey v. Fahey, 43 Colo. 354, 96 Pac. 251, 18 L.R.A.(N.S.) 1147, 127 Am. St. Rep. 118; House v. Johnson, 19 Colo. App. 524, 76 Pac. 743; Lowentrout v. Campbell, 130 Ill. 503, 22 N. E. 744; Fidelity Savings & Loan Association v. Reese (S. D.) 171 N. W. 812; Horstman v. LaFargue, 215 S. W. 729; Murray v. Sioux Alaska Mining Co. 239 Fed. 818; Galloway v. Shaddix, 72 So. 617; Manchuria S. S. Co. v. Donald & Co. 77 So. 12.

*C. S. Buck,* for respondents.

In suits brought by creditors to set aside fraudulent conveyances alleged that the plaintiff must first have recovered a judgment at law or that the claim must be in such a condition that it would be a lien upon property belonging to the debtor or defendant, if the same was in the name of the debtor or defendant. 5 Enc. Pl. & Pr. p. 468; 4 N. D. 100; Amundson v. Wilson, 11 N. D. 193; 15 C. J. p. 1388.

The South Dakota statute is the same as the statute of this state. Shuler v. Halvor (S. D.) 162 N. W. 389; Griswold v. Sundback, a South Dakota case reported in 57 N. W. 339.

The rule seems to be established beyond any question in all jurisdictions except where a statute has been enacted specifically changing it. O'Day v. Ambau, 15 L.R.A.(N.S.) 484.

GRACE, J.   This is an appeal from an order sustaining a demurrer to the plaintiff's complaint.

It is not necessary to a clear understanding of the legal questions presented in this case to set out in full the complaint.

The alleged cause of action is one to recover upon a certain promissory note, in the sum of $800, dated July 19, 1914, executed and delivered by W. H. France, to one R. B. Beeson, and thereafter sold and assigned to Louis Deree, and by him, on the 25th day of October, 1915, sold and assigned to the plaintiff.   The date of maturity of the note was November 1st, 1915.

The plaintiff claims to have purchased the note prior to maturity, for valuable consideration, in the regular course of business, and that the same is wholly unpaid.

It is further, in substance, alleged in the complaint, that, at the time of the execution and delivery of the note, W. H. France was the owner and in possession of certain real estate, situate in the village of Sanborn, North Dakota, described as lot fifteen (15), block ten (10), of the original townsite of Sanborn, and that he was the owner in possession thereof, on the 25th day of October, 1915; that the plaintiff purchased the note, relying upon the ownership by France, of said real estate; that, on the 25th day of October, 1915, France, without receiving valuable consideration, or any consideration, for the purpose of cheating and defrauding his creditors, particularly the plaintiff, and for the purpose of depriving them of the means of collecting their just debts, and for the purpose of removing, from legal process, his property, so that the same would not be subject to the payment of his debts, did wrongfully, fraudulently, and unlawfully transfer the real property above described to Nellie France, his wife, by deed, dated October 25th, 1915, which was recorded in the office of register of deeds, for Barnes county, October 30th, 1915.

There is a further allegation in the complaint, to the effect, that said real estate, at the time of such transfer, did not constitute the homestead of the defendants nor of any member of their family.

To the complaint the defendants interposed a demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

On the 28th day of December 1919, the demurrer was argued before M. J. Englert, one of the district judges of the 5th judicial district, and, on the 2d day of January 1920, the court made an order sustaining the demurrer, and ordered the clerk to enter a judgment in favor of the defendants, for costs, in the sum of $15. The making of such order is assigned as an error of law, and it is the only assignment of error.

It is manifest, that the prime purpose and object of the action is to set aside the transfer above mentioned, as being one in violation of the provisions of § 7220, Comp. Laws 1913, which is as follows: "Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor, or other person, of his demands, is void against all creditors of the debtor and their successors in interest, and against any persons upon whom the estate of the debtor devolves in trust, for the benefit of others than the debtor."

It is equally manifest, that the action is prematurely brought, in that the necessary, prerequisite jurisdictional facts are not pleaded, nor otherwise shown to exist. The setting aside of the transfer of property, on the ground that it is fraudulent as to creditors, is an act which requires the exercise of the equity powers of the court. Before a court of equity can exercise such equitable powers, it must have jurisdiction so to do; i. e., there must be certain facts pleaded, proved, or existing in the case, sufficient to authorize the court to exercise its equitable powers; and, hence, it must appear, that one bringing such action has a vested or specific lien upon the property alleged to have been fraudulently transferred; otherwise, there is nothing to set in motion the equity powers of the court. In such circumstances there is nothing upon which equity could act.

The setting aside of a transfer of property, from one person to another, on the ground that such transfer is fraudulently made, is ac-

complished by the court by the exercise of its equity power, and for the benefit of one able to show that he has a specific lien against such · property so fraudulently transferred; as, for illustration, a judgment upon which an execution has been returned unsatisfied, or a lien acquired by attachment or other lien, to preserve and protect which a court of equity has authority, power, and jurisdiction to exercise its equity powers.

The mere existence of the relation of debtor and creditor does not afford the creditor, under his mere contract right, and in the absence of a judgment, or prior to the time his claim was reduced to a judgment, and an execution thereon issued, and returned unsatisfied, or the securing of a lien, by attachment, or a vested lien acquired in some other manner, the right to attack a conveyance, on the ground of fraud.

To hold that a simple contract creditor would be permitted to attack a conveyance, on the ground of fraud, would render it next to impossible to make or take a conveyance thereof, for a large part of the conveyances are made by those who, at the time of conveyance, no doubt, have other obligations, or debts, unpaid, and the same is true of those who receive the conveyance.

Again, a conveyance of real property may often be made, where that is the only real property possessed by the one who conveys, yet, he may be indisputably solvent.

We think the proper rule is, that the debtor must be held to have complete dominion over his property, against which there is no valid, subsisting, or vested lien, to dispose of or transfer his property as he shall see fit, and where such transfer is by a creditor attacked, on the ground that it was fraudulently made, in order for a court of equity to afford relief, the creditor must be in the position above stated; i. e., he must have a vested lien, in full force and effect at the time the action is brought to set aside the transfer, and this fact must be made clearly to appear from the complaint in the action or otherwise.

It must, also, appear from the pleadings or otherwise, that not only the debtor fraudulently transferred his property, and that he intended to commit fraud when he did so transfer it, but it must also appear that the transferee who received such conveyance, co-operated and acted with the debtor to consummate such fraudulent transfer.

There have been many cases in this court, where the action was

brought to set aside transfers, on the ground that the same was in fraud of creditors, and all of such actions, so far as we have been able to determine, were based upon a vested lien, of the kind above described, as in the case of Paulson v. Ward, 4 N. D. 100, 58 N. W. 792; Salemonson v. Thompson, 13 N. D. 182, 101 N. W. 320; Dalrymple v. Security Loan & T. Co. 9 N. D. 306, 83 N. W. 245; Stevens v. Meyers, 14 N. D. 398, 104 N. W. 529.

The question presented in the case at bar, is one of first impression in this state. It has, however, been frequently passed upon in other states, among which decisions may be mentioned the case of Griswold v. Sundback, 4 S. D. 441, 57 N. W. 339; O'Day v. Ambaum, 47 Wash. 684, 15 L.R.A.(N.S.) 484, 92 Pac. 421, and the authority and citations therein.

We think, the rule, as we have stated it, is a correct one, and that it properly interprets our statute above set forth. For the foregoing reasons, we are of the opinion that the court properly sustained the demurrer to the complaint, and that its order, in that respect, should be affirmed.

It is affirmed. The respondents are entitled to their statutory costs and disbursements on appeal.

CHRISTIANSON, Ch. J., and BIRDZELL, ROBINSON, and BRONSON, JJ., concur.