## FAIRBAIRN *v.* POFAHL.

### Opinion delivered May 31, 1920.

1. VENDOR AND PURCHASER—EFFECT OF BOND FOR TITLE.—Where a vendor sells land, takes the notes of the vendee for the purchase money, and executes to him a bond for title, the effect of the contract in equity is to create a mortgage in favor of the vendor upon the land to secure the purchase money, subject to all the essential incidents of a mortgage.

2. VENDOR AND PURCHASER—PROVISION FOR ACCELERATING PAYMENTS.—Where a series of notes were given in payment of a tract of land, and the contract of purchase stipulated that, upon default in payment of two of the notes, the vendor might declare the enthe sum due, the fact that this stipulation is not carried into the face of the notes does not invalidate it.

3. VENDOR AND PURCHASER—ACCELERATION OF PAYMENT—PROVISION FOR, NOT FORFEITURE.—Where a vendor sold land under a contract stipulating that upon default in payment of two of a series of notes the entire sum might be declared due, such provision is not invalid as being in the nature of a penalty or forfeiture.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Carmichael & Brooks*, for appellant.

1. The contract in this case created a mortgage in equity. 85 Ark. 211; 66 *Id.* 170.

2. The precipitating or accelerating clause is binding on the parties and valid. 73 Ark. 415; 29 *Id.* 346; 66 *Id.* 367; 68 *Id.* 314; Elliott on Contracts, § 3517.

3. Plaintiff had the right, on account of the admitted default, to declare the whole amount due and have judgment for the total sale price and a foreclosure.

*A. J. Newman,* for appellees.

Appellant could not at her option declare the notes for the purchase price of the property due and foreclose for same upon a failure to pay two or more when due as provided in the contract of sale but *not so provided* in any or either of the notes. 73 Ark. 342; 84 *Id.* 435; 90 *Id.* 92. Chancery courts may relieve the purchaser of a forfeiture stipulated in the contract upon equitable grounds. 65 Ark. 527-530; 72 *Id.* 363-5; 19 Id. 23-6. Chancery abhors forfeitures. 59 Ark. 408; 77 *Id.* 168, 307. The decree is right, just and equitable.

SMITH, J. This case was tried in the court below upon the following agreed statement of facts:

On September 16, 1918, appellant entered into a contract to sell E. C. Smith a lot in the city of Little Rock for the sum of $1,200 of which $100 was in cash, and the balance of purchase money was evidenced by 110 notes for $10 each, the first note falling due October 16, 1918, and one note on the 16th day of each month thereafter, with interest at 8 per cent. The contract of sale provided that if a second default in payment was made all the notes then remaining unpaid should at once become due and payable. The contract also provided that Smith should insure the property for appellant's benefit and should keep the premiums paid. Smith failed to insure the property and made default for four consecutive months in the payment of his notes. Thereafter, for a valuable consideration, Smith assigned his contract to appellees J. H. and Mary Pofahl.

This suit was brought to enforce the contract, and at the time it was brought four notes were due and unpaid. After the suit had been brought and service had, an answer was filed by the Pofahls, in which they asked to be allowed to pay all money past due, and the court

fixed a time within which they might do so, together with court costs and an allowance for an attorney's fee. Within the time limited, the tender was made, and appellant's complaint dismissed, and this appeal is from that order.

Appellee states the issue to be decided as follows: "Can the appellant, at her option, declare the residue of the promissory notes of appellees due and foreclose same upon a failure to pay two or more of such notes when due, as provided in the contract of sale, but not so provided or expressed in either or any of said notes?"

This court has several times said that, "Where the vendor sells lands, takes the notes of the vendee for the purchase money, and executes to him a bond for title, the effect of the contract in equity is to create a mortgage in favor of the vendor upon the land to secure the purchase money, subject to all the essential incidents of a mortgage." *Newman v. Mountain Park Land Co.,* 85 Ark. 208; *Strauss v. White,* 66 Ark. 170, and cases there cited.

The law as thus announced is applicable to the facts of this case. Appellant has in equity a contract having the essential incidents of a mortgage, and it only remains to be decided whether the provision of the contract maturing all the notes in the event of the default stipulated against is valid and enforceable.

It is first insisted that the provision is void for the reason that the stipulation occurs only in the contract and is not contained in the notes, or any of them.

In the case of *Farnsworth v. Hoover,* 66 Ark. 367, a mortgage was given to secure a loan of $500, due in five years, and the interest notes each provided that, on failure to pay interest within thirty days after due, the holder might collect principal and interest at once. That provision did not appear in the mortgage securing the notes. It was there contended that the provision maturing the entire debt was void; but the court held otherwise and in the opinion said: "The mortgage sufficiently identifies the notes, evidencing the debt which it

was given to secure. The mortgage being only a security or incident to the debt, it was not necessary for it also to contain a condition making the whole debt due upon failure to pay any installment of interest, in order to justify foreclosure for the entire debt. It was sufficient that the notes contained such a provision. The notes and mortgage were executed at the same time, and in relation to the same subject, as parts of one transaction constituting one contract. 1 Jones, Mortg., §§ 71, 76, 349, 354; *Fletcher* v. *Daugherty,* 13 Neb. 224.

"In the cases cited to support the opposite view, neither the note nor mortgage contained such a provision as that in the notes sued on herein. In the absence of such a clause in either the note or mortgage, there would, to be sure, be no authority to declare the whole debt due."

Here the bond for title and the notes constituted a single contract, and it is this contract or equitable mortgage which appellant seeks to enforce, and the notes merely evidence the sum due and secured by the contract, and we think the provision accelerating the payments, if otherwise valid, is not rendered unenforceable by reason of the fact that it does not appear in both the contract and the notes.

In Jones on Mortgages (7 ed.), vol. 1, sec. 76, the law is stated as follows: "A stipulation that the whole sum shall become due and payable upon any default in the payment of the principal or interest is universally held to be legal and valid. It is not objectionable as being in the nature of a penalty or forfeiture." A note to the text cites a large number of cases supporting the text quoted.

Our own case of *Farnsworth* v. *Hoover, supra,* from which we have quoted, is itself authority for upholding the validity of a provision accelerating the maturity of payments, for such was the effect of that decision.

No forfeiture is worked by upholding the provision. Appellees may pay the sum due and the accrued interest and thus perfect their right to a deed. They may pur-

..chase at the foreclosure sale and thus acquire the title; or if another purchases at that sale and bids a sum in excess of the balance due appellees will be entitled to that excess. In any event, their rights are not forfeited under the contract. By their default they have accelerated the terms of payment; but this is not a forfeiture.

It follows, therefore, that the court was in error in dismissing appellant's complaint and that a decree should have been entered for the foreclosure of the lien, and the decree will, therefore, be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.