JOHN BRUFFARTS and EMIL WOLD, Appellants, v. E. E. OBER, JOE KLEIN, JOHN W. MILLER and JOHN HALLAM, Respondents.

(188 N. W. 174.)

**Appeal and error — directing verdict held not error; where evidence failed to sustain plaintiff's cause; directing verdict will not be reversed where right, though based on erroneous motion.**

For reasons stated in the opinion, it is *held* the court did not err in directing the jury to return a verdict of dismissal of the action, which result was in effect the same as if a motion had been properly made at the close of all the evidence for a dismissal of the action on the ground that there was no evidence to sustain plaintiff's cause of action; though the reason for the directing of the verdict was based on an erroneous motion of the court, the result arrived at was right.

Opinion filed April 11, 1922.   Rehearing denied May 5, 1922.

An appeal from the judgment of the District court of Hettinger county, *Lembke*, J.

Judgment affirmed.

*Jacobsen & Murray,* for appellants.

A motion cannot be made at the close of plaintiff's case until the plaintiff has rested. It cannot be made at the close of the entire case until both parties have rested. Chicago, Great Western Ry. Co. v. Mohan, (Ill.) 58 N. E. 395; See 38 Cyc. 1585, ¶ B, note 91; Kaley v. Van Ostrand (Wis.) 114 N. W. 817; Mattauch v. Riddle Automobile Co. (Iowa) 115 N. W. 509.

Error in overruling motion at the close of plaintiff's case is waived by the defendant's introducing subsequent testimony. See 38 Cyc. 1590, cases cited under note 50; McBride v. Wallace, 15 N. D. 548; Ward v. McQueen, 15 N. D. 153.

A misjoinder of parties plaintiff or defendant is no grounds for the direction of a verdict. See Groenmiller v. Kaub, (Kans.) 73 Pac. 100; See Heinlen v. Heilbron et al., (Cal.) 12 Pac. 673.

"The misjoinder of two parties as plaintiffs, when the cause of action is in one alone, is no ground for a dismissal of the complaint as to both. It is a mere irregularity which may be corrected at any time, before or after judgment, by striking out the name of the party improperly joined." Gagle v. Vesser et ux (Iowa) 114 N. W. 3; Noziska et al. v. Aten, (S. D.) 152 N. W. 694; See 18 C. J. 1186, § 101; 31 Cyc. 177, ¶ B.

"An improper joinder of defendants is not a ground for abatement but the cause may be prosecuted to a final judgment against the defendants properly joined." Posch v. Lion Bonding & Casualty Co., (Minn.) 163 N. W. 131.

*V. H. Crane,* for respondents.

The want of a right of action is essentially different from a defect of parties plaintiff, and is not waived by a failure to demur on the ground. 30 Cyc. 31 (V.)

A petition in an action for a tort which joins several parties as defendants, if it states a joint act, and relative to a tort, which may, from its nature be joint or committed by persons in combination, is not open to attack on the ground of misjoinder of parties defendant. Stuart v. Bank of Stplehurst, 78 N. W. 298.

Where the domestic animals of different owners unite in committing an injury, the wrong is not a joint wrong of the owners, but each owner must be sued separately for the damage done by his beasts. Cooley on

Torts, 3d ed. 704; Cogswell v. Murphy, 46 Iowa, 44; Denny v. Carrell, 9 Ind. 72; Nohre v. Wright, et al., 108 N. W. 865; 1 R. C. L. 1106, ¶ 49; 2 Cyc. 410 (b); 3 C. J. 145, ¶ 455; 22 L. R. A. note p. 64.

A joint recovery cannot be had against tort feasors where there is no concert of action or common intent, and their acts are separate as to time and place. Moore v. Fryman, et al. 134 N. W. 534; 30 Cyc. 122, (Ill.); 4 L. R. A. 841 and note; 22 L. R. A., 63, note.

As applicable to the entire range of tort actions, the proposition may be stated that where wrong-doers have not acted in concert, and separate and distinct injuries are caused by the act or neglect of each, the liability is several only. Thus where animals belong to several owners do damage together, there being a separate trespass or wrong, each owner is generally liable separately only for the injuries done by his animals. 38 Cyc. 482, B and note 95; Boulger, et al., v. Northern P. Ry. Co., 171 N. W. 632; McDonough v. Russel-Miller Milling Co., 165 N. W. 504; Cooley on Torts, 3 ed. p. 244; City of Mansfield v. Bristor, 10 L. R. A. N. S. 806.

GRACE, C. J. This appeal is from a judgment of dismissal of plaintiffs' action, and for costs in the sum of $69.60. Plaintiffs claim that they were the owners in possession of about 19 tons of hay, of the value of $20 per ton, which was situated on a certain section of land, described in the complaint; that, during the month of October, 1919, defendants' live stock, cattle, horses, and other animals trespassed on the land and destroyed the hay; that plaintiffs were damaged in the sum of $380. It is, in substance, alleged that the animals of each of the defendants contributed to and was the approximate cause of the damage. A further claim is made of $100, on account of reasonable cost and value of attorneys' fees incurred or expended by them. Each of the defendants interposed a separate answer, consisting of a general denial, except Miller, who answers both by a general and a special denial. The testimony shows that Bruffarts owned a quantity of hay on one parcel of land, Wold a quantity on another, and both owned a quantity on a third parcel, all within the same section. The hay was in bunches.

There is evidence that the animals of some of the defendants did consume part of the hay and otherwise damaged some of it. It is not necessary here to analyze the evidence nor to show whose stock did the damage.

At the close of plaintiff's case, defendants made a motion for a di rected verdict, on the theory that the plaintiffs, having maintained a joint action, they could not recover, for the reason that the stock of all of the defendants was not seen upon the land at the same time but upon different dates and occasions, and for the further reason that the animals of the defendants were not acting together in committing the trespass under the joint control of all or separate control of any of the defendants. This motion was renewed after the introduction of defendants' evidence, but the record does not show that it was renewed after both sides had rested. The court, not on the motion made by defendants, but evidently upon his own motion, directed a verdict on the sole theory that there was a misjoinder of parties, plaintiff and defendants, as well as a misjoinder of causes of action. These were no grounds for directing a verdict.

In case of misjoinder of parties, we are of the opinion that the proper remedy to eliminate the parties improperly joined is by motion of dismissal; the motion would ordinarily be made before issue is joined. A misjoinder or excess of parties is not reached by demurrer. Excess of parties is not to be understood as a defect of parties. Where the pleadings show deficiency of parties, demurrer is proper. Olson v. Shirley, 12 N. D. 106, 96 N. W. 297. Demurrer may be interposed where causes of action have been improperly united. Section 7442, C. L. 1913, subd. 5.

We are of the opinion that, in the circumstances of this case, a joint action would not properly lie, and that a separate action should have been brought against each of the defendants, if liability were claimed of each. Cooley on Torts (3d ed.) 704, 1 R. C. L. 1106, 2 Cyc. 410, 3 C. J. 145.

It would seem that the trial court gave the right result, but for a wrong reason. If the defendants had made a motion at the close of all the evidence for a dismissal of the action against them, it would have been proper for the court to have granted the motion, as the evidence was insufficient to support a joint verdict. The fact that it did dismiss the action for another reason, we think, in the circumstances of this case, in reality should not be permitted to change the result at which the court arrived. The action was dismissed without prejudice, so that the plaintiffs are not prevented from bringing a proper action.

Respondents are entitled to their costs and disbursements on appeal.

CHRISTIANSON, BIRDZELL, and ROBINSON, JJ., concur.

BRONSON, J., concurs in result.