L. R. BAIRD, as Receiver of the Farmers & Merchants Bank of Cogswell, Cogswell, N. D., Appellant-Respondent, v. W. J. MEYER, et al. Respondents-Appellants.

(— A.L.R. —, 215 N. W. 542.)

**Parties — excess of, not defect of.**

1. "Excess" of parties is not "defect" of parties.

**Action — fraudulent conveyance — improper joinder.**

2. A plaintiff in an action against his debtor for a judgment on a promissory note, in which action he has a warrant of attachment issued and levy made upon certain lands, may in the same complaint allege the conveyance of said lands to third parties in fraud of creditors and have said third parties

---

Note.—(3) As to effect of note of acceleration clause in mortgage securing note, 3 R. C. L. 1215; 4 R. C. L. Supp. 241; 6 R. C. L. Supp. 233.

brought into the case for the purpose of having the said fraudulent conveyance set aside as to him and the lands subjected to the lien of his judgment under this attachment. Such complaint is not subject to attack on the ground of an improper joinder of causes of action.

**Bills and notes — acceleration clauses in notes and mortgage — foreclosure.**

3. Where a negotiable promissory note is made payable on a date certain with "interest at six per cent per annum until due," and is secured by a real estate mortgage containing a provision authorizing the holder to declare the whole sum due and payable upon the failure to pay interest annually and to foreclose the mortgage because of such default, and the terms of the mortgage are not made a part of the note, it is held that such "acceleration clause" in the mortgage is for the purpose of foreclosure only. In such case where the holder foregoes the right to foreclose the mortgage, and brings action for a money judgment on the promissory note only, it is held that such "acceleration clause" in the mortgage does not mature the note.

**Bills and notes — partial payments — interest paying dates — interest payable annually.**

4. Where such promissory note has stamped thereon a provision to the effect that "maker reserves the privilege of paying $100 or any multiple thereof on any interest paying date" and the endorsements on the note show annual payments of interest, it is held that the contract set forth in the note shows that, in the contemplation of the parties, interest was payable annually even though said term is not stated in the note.

Opinion filed September 28, 1927. Rehearing denied October 22, 1927.

Actions, 1 C. J. § 251 p. 1091 n. 17. Bills and Notes. 8 C. J. § 610 p. 417 n. 82; § 613 p. 419 n. 16 New. Parties, 30 Cyc. p. 141 n. 65 New.

Appeal from the District Court of Sargent County, *McKenna,* J.
Affirmed in part and reversed in part.
*Chas. S. Ego,* for appellant-respondent.
*S. A. Sweetman* and *Kvello, Adams & Rourke,* for respondents-appellants.

Burr, J. On May 8, 1926 the plaintiff as receiver brought action against one W. J. Meyer upon a promissory note for $2,500.00 dated the 28th day of August 1919 and due December 1, 1929 with interest at six per cent per annum until due. The complaint alleges, that "while no part of the principal has been paid and the same is now (not?) due" yet no interest has been paid on it since the first day of December

1921, that the action was brought for the purpose of issuing an attachment against the property of the defendant, and demands judgment against defendant for $2,500.00 with interest from the first day of December 1921. A warant of attachment was issued on the grounds "that the defendant has sold, assigned, transferred, secreted and otherwise disposed of his property with intent to cheat and defraud his creditors and to hinder and delay them in the collection of their debts; and that the defendant is about to sell, assign, transfer, secrete and otherwise dispose of his property with like intent and effect." Levy was made upon certain lands other than the mortgaged premises, and thereafter one Edith Schultz and one Edward Schultz filed third party claims to said lands as being the owners thereof by warranty deed from defendant Meyer. The plaintiff moved the court for leave to amend his complaint and for an order to interplead the said Edith Schultz and Edward Schultz under the provisions of section 7412 of the Code, which motion was granted.

The amended complaint alleges among other things, that on the 28th day of August 1919 the defendant gave this promissory note in the sum of $2,500.00 due December 1, 1929 "with interest from date at the rate of six per cent per annum until due," that as a part of the same transaction the said Meyer gave as security a second mortgage upon the N$\frac{1}{2}$ of the S$\frac{1}{2}$ of section 34 in township 130, range 58 containing these provisions: "If default be made by the said first party in any of the provisions, it shall be lawful for the second party to declare the whole sum above specified to be due and payable," that the interest on the note is to be paid annually on the first day of December of each year, and that the defendant will pay the taxes on the premises; that the said mortgaged land has so depreciated in value as to become worth no greater sum than the taxes and superior lien; that the bank became owner and holder of the note with no notice of defect or defense; that no part of the principal has been paid and no interest paid since the first day of December 1921; that taxes are unpaid; that the plaintiff has declared the whole sum due and payable because of these defaults; that at the time he executed the note defendant Meyer was the owner of certain other real property—describing the real estate attached—and "with intent to cheat and defraud his creditors and for the purpose of depriving them of the means of collecting their just debts, and for the pur-

pose of removing from legal process his property so that the same would not be subject to the payment of his debts, the defendant did wrongfully, fraudulently and unlawfully transfer the afore described real estate to Edith Schultz and Edward Schultz by warranty deed dated April 15, 1926 and recorded April 16, 1926 and thus rendered himself insolvent; that upon filing the complaint a warrant of attachment was issued and said real property levied upon not the mortgaged premises; that Edith Schultz and Edward Schultz have served a demand for the release of said property and that unless they were interpleaded the plaintiff was in danger of losing his claim. And so plaintiff demanded judgment against the defendant "for the sum of $2,500.00 with interest from the first day of December 1921 according to the tenor of the note and mortgage; that the said Edward Schultz and Edith Schultz be required to appear and set forth the reason and grounds for their respective claims to the property described; that the attachment lien of the plaintiff be held to be a superior lien to the claim of the said Edward Schultz and Edith Schultz," and "that this plaintiff have the decree of this Court for such other or further relief as may be deemed equitable in the premises." It will be observed the plaintiff does not seek to foreclose the mortgage, nor does he sue on it.

To this amended complaint the three defendants demur individually and severally on the grounds, first, that there is a defeat of parties defendant; second, that several causes of action have been improperly united; third, that the amended complaint does not state facts sufficient to constitute a cause of action.

The court overruled the demurrer as to the first and second grounds and the defendants appeal. The court sustained the demurrer as to the third ground and the plaintiff appeals. This case, therefore, is before us on cross appeals involving all of the grounds set forth in the demurrer.

The parties stipulated that the trial court, in passing upon this demurrer, took into consideration and based his decision "upon the demurrer, original complaint, the amended complaint, the note which is described in both the original and the amended. complaint, and the mortgage securing said note referred to in the amended complaint, and upon the affidavit and order of the district court—impleading the defendants Edward Schultz and Edith Schultz—and upon the affidavit for attachment, the undertaking for attachment, the warrant of attach-

ment, and the notice of levy under said warrant of attachment," and that the Supreme Court may consider all of said papers in passing upon any appeals.

In the original complaint, as we have hereinbefore stated, the plaintiff said that all of said sum was *now* due and payable; but in his brief he sets forth the complaint as saying "the principal sum is *not* due, yet there is past due—interest—etc." The trial court in his memorandum opinion considered the original complaint as it is, stating that "the principal sum is *now* due."

The promissory note is as follows:

"Cogswell, N. Dak., August 28th, 1919, $2,500.00 December 1st 1929—after date (without grace) for value received, I promise to pay to the order of N. B. Even at Cogswell, State Bank, Cogswell, N. Dak., Twenty-five hundred ($2,500.00) Dollars, with interest from date at the rate of Six per cent per annum until due. Principal and interest to draw interest at the rate of 10 per cent per annum after due until paid. Payable at Cogswell State Bank, Cogswell, North Dakota. All the signers and endorsers hereby severally waive demand, notice of non-payment and protest.

"(Signed) W. J. Meyer."

On the face of the note toward the lower left hand corner and to the left of the signature is the following provision; evidently placed thereon by rubber stamp:

"Maker reserves the privilege of paying $100.00 or any multiple thereof on any interest paying date, interest then to cease on any sum so paid."

The following endorsements appear on the back:

"N. B. Even (in ink) (Revenue Stamp) 1–1121 8–28–20 $150.00 Int. Paid in full to 12–1–20 Paid int. on this note 12–1–1921, $140 12–28–1921 Paid on interest $140.00"

The mortgage contains these further provisions: "This mortgage to draw interest from August 28th, 1919 payable the 1st of December of each year, privilege to pay $100 or multiple at any interest payment

date;" and "If default be made by the said first party in any of the foregoing provisions, it shall be lawful for the second party to declare the whole sum above specified to be due and payable."

The first ground of demurrer has been abandoned. If the complaint is not good against the three defendants then it is a misjoinder of parties rather than a defect. The complaint does not show that some other defendants should be added. Excess of parties is not reached by demurrer nor is it understood as a defect of parties. Bruffarts v. Ober, 48 N. D. 997, 188 N. W. 174.

The lower court was correct in overruling the demurrer on the second ground. So far as defendant Meyer is concerned this case is an action for a money judgment upon a certain promissory note said to be due and payable, with an attachment issued. It is argued that under the original complaint the attachment was issued on a debt not yet due. The only bearing the question of whether that word "now" was intended to be "not" can have on the issue is as to the theory of the plaintiff in having the attachment issued. But the grounds of attachment are such as may be used for a claim past due, and certainly in the amended complaint the theory of the plaintiff is that the claim is due. But the original complaint says the debt is due though it fails to refer to the acceleration clause. The amendment to the pleading does not, therefore, destroy the attachment. But the question of the attachment is important in determining whether there are sufficient allegations to warrant the action against the interpleaded. The general rule is well stated in 2 R. C. L. 857 to the effect that a creditor who attaches property for his debt obtains a lien only on the title or interest the debtor has in the property at the time of the levy; and if at that time all title and interest has passed from the debtor to a third person the attaching creditor gets nothing by the levy. See National Bank v. Western P. R. Co. 157 Cal. 573, 27 L.R.A.(N.S.) 987, 108 Pac. 676, 21 Ann. Cas. 1391.

This rule is subject, however, to exceptions which arise from the statute against fraudulent conveyances. Under the provisions of § 7220 the creditor claiming to be defrauded may claim such conveyance void as against him, and such property so transferred is subject to a levy under a writ of attachment, as though no transfer had been made. Salemonson v. Thompson, 13 N. D. 182, 196, 101 N. W. 320. This is

in harmony with the general rule laid down in R. C. L. As said by the Supreme Court of Nebraska in Westervelt v. Hagge, 61 Neb. 647, 54 L.R.A. 333, 85 N. W. 852. "Where an attachment is levied on real estate fraudulently alienated by the attachment debtor and grantor, for the purpose of hindering, delaying and defrauding creditors, even though the legal title of record is in another, the attachment creditor acquires thereby a lien upon the interest of the debtor in the land attached, which he may enforce by appropriate proceedings after recovery of judgment." Where the judgment creditor has the right to declare a fraudulent conveyance void as against him the claim naturally arises as to the rights of the grantees in this conveyance. Section 7413 permits any person to intervene "in an action or proceeding who has an interest in the matter in litigation in the success of either party, or an interest against both." This action as determined by the amended complaint is not only to get a money judgment against Meyer but to subject land which it is alleged belongs to Meyer to a lien for the judgment. The interpleaded have an interest in the land adverse to the plaintiff; (see 6 C. J. 374) and they can claim that their land is being levied upon in an attachment proceeding and certainly could intervene.

See 6 C. J. 374; 2 R. C. L. 879. In Potlatch Lumber Co. v. Runkel, 16 Idaho, 192, 23 L.R.A.(N.S.) 536, 101 Pac. 397, 18 Ann. Cas. 591, the court said: "Plaintiff . . . by reason of causing the intervenor's property to be attached by provisional remedy has reached out by process in the nature of a proceeding in rem and laid hold upon certain property as security for the payment of any judgment it may obtain . . . the plaintiff has therefore brought the issue as to the ownership in this property into the case." The court held it was proper ground for intervention. If these defendants have the right to intervene why may not the plaintiff bring them in under the provision of § 7412 of the Code: The rights of all parties interested in this land cannot be determined in this one suit unless these parties are brought in.

The complaint asks for legal and equitable relief, and for the latter the action partakes of the nature of a creditor's bill. We are not unmindful of the rule that equity will not usually aid in attaching creditor until all his legal remedies are exhausted. Yet where the complaint shows that the only remedy the plaintiff has is one which is equitable in its nature, there is no reason why the "parties who will be affected and whose

rights must be determined before the plaintiff can enforce his lien should not be brought in." In the case of People ex rel. Cauffman v. Van Buren, 136 N. Y. 252, 20 L.R.A. 446, 32 N. E. 775, the right to invoke the equitable side of the court is discussed at length. C. et al. were creditors of K. et al. and commenced an action attaching property in the hands of the Sheriff under an execution in an action in which C. said the judgment was fraudulently confessed. C. asked for an injunction against the sheriff, the debtor, and the alleged fraudulent judgment creditor to have the attachment lien declared superior to these judgments. The court says (p. 776): "The attaching creditors ceases to occupy the defenseless position of a creditor at large and becomes in a certain sense invested with the privilege of a creditor whose debt has been adjudged valid and finds himself embarrassed in its collection by the fraudulent conduct of the debtor." True, the matter being discussed is the matter of the issuance of an injunction, and its violation, but if equity may be invoked to aid the attaching creditor in one aspect there is no reason why it may not be invoked in another. There is plenty of authority to the effect that a court of equity will afford the attaching creditor relief against fraudulent conveyances. In Francis v. Lawrence, 48 N. J. Eq. 508, 22 Atl. 259, the court says: "An attaching creditor obtains a lien upon the property by his writ, as a judgment creditor obtains one by his judgment, so such attaching creditor can maintain a creditor's bill to set aside a fraudulent conveyance of the property." The same rule is set forth in Bangs Mill Co. v. Burns, 152 Mo. 350, 53 S. W. 923. Here plaintiff began suit in attachment against the defendant, and one Piggott claiming to be trustee intervened,—or as stated in the opinion, interpleaded,— claiming the property as his. Plaintiff was permitted to set up in his answer, and litigate, the question of alleged fraudulent conveyance to Piggott. In the case of Evans v. Laughton, 69 Wis. 138, 33 N. W. 573, the attaching creditor was permitted to maintain a bill in equity in aid of his attachment under the claim that property attached had been fraudulently conveyed. In this case the court disposes of the contention that the attaching creditor must first exhaust his remedy at law and holds that equity will aid. Previous to this the same court in Nassauer v. Techner, 65 Wis. 388, 27 N. W. 40, distinctly upheld the right of "an attaching creditor who has secured a levy upon property in the hands of an officer by authority

of a previous levy thereon of an execution," to file a petition attacking the judgment of the execution creditor for fraud. See 6 C. J. 491.

There is authority to the effect that an attaching creditor who has not secured a judgment may not invoke equity, Martin v. Michael, 23 Mo. 50, 66 Am. Dec. 656, but under the rule in vogue in this jurisdiction a creditor having a lien on property may maintain a creditor's bill to subject such property to his lien. Bank of Sanborn v. France, 49 N. D. 1, 6, 177 N. W. 375. A creditor's bill is brought to aid the main transaction. As pointed out in Pettibone v. Toledo, C. & St. L. R. Co. 148 Mass. 411, 1 L.R.A. 787, 19 N. E. 340, creditors' bills, even though independent actions, are in the nature of proceedings in rem, and are ancillary rather than original proceedings, and a bill to reach property in the hands of third persons is in the nature of an equitable attachment. See also 15 C. J. 1382. There can be no question but what the plaintiff could have begun an independent action against Schultz to enjoin a transfer until judgment was obtained against Meyer; when judgment was thus obtained he could bring an action in equity to aid his attachment and set aside a fraudulent conveyance. Smith v. Muirheid, 34 N. J. Eq. 4, 8. He would simply be trying to get this fraudulent act out of the way of his judgment. Section 7466 of the Code specified under what circumstances the plaintiff may unite several causes of action in the same complaint. Sub-division 1 permits such joinder when these causes arise out of transactions connected with the same subject of action. The main purpose of this case is to obtain a money judgment against Meyer and subject certain property of Meyer alleged to be held by the interpleaded to the lien of the judgment. In order to do this the plaintiff must get the alleged fraudulent conveyance out of the way. If he began the action against Meyer alone and attached this property, and then began an action in equity for injunction to prevent the Schultzs' from transferring the land until the law action could be determined, and then began a third action to set aside the fraudulent conveyance he would be required in this third action to allege his judgment, the attachment, and such other facts as he has alleged in his amended complaint. We see no reason why he could not do all this in one action. South Dakota has held that the judgment creditor, "without first securing a domestic judgment against the husband, could sue both husband and wife in one action to secure a money judgment against the

husband and also a judgment vacating conveyance by husband to wife of land within the state." Fidelity Sav. & L. Asso. v. Reese, 41 S. D. 546, 171 N. W. 812. That was a case where service was obtained by publication. Indiana had held where service is obtained by publication the plaintiff may prove his debt against one defendant, and in same action set aside a fraudulent conveyance so as to realize on the judgment. Quarl v. Abbott, 102 Ind. 233, 52 Am. Rep. 662, 1 N. E. 476. See also Adler-Goldman Commission Co. v. Williams (D. C.) 211 Fed. 530. True, all these proceedings are in rem, but if the defendant come in and subject himself to the jurisdiction of the court he could scarcely be heard to say the causes were improperly joined simply because he might be entitled to demand a jury trial on the issue of the debt. Under our Code there is but one form of action for both legal and equitable cases, and but one court in which to try them. As said in the Indiana case cited "authority to hear and determine a cause is jurisdiction to try and decide all the questions involved in the controversy," and "while there may be issues in the same action of an equitable and legal nature there is only one court to try them and hence they may be embraced in one action." We are satisfied the trial court was correct in holding that different causes of action were not improperly joined.

The court upheld the contention that the complaint did not state a cause of action against the defendants. It will be noticed the complaint nowhere stated any participation on the part of the interpleaded in the alleged fraudulent acts of Meyer in the transfer of the property. It charges Meyer with fraudulent acts and his resulting insolvency. A transfer for the debtor, even though fraudulent as to creditors is a valid transfer between him and his transferee. It is true that the creditor may attack a fraudulent conveyance; but to set it aside there must be something more than the mere fraudulent acts on the part of the debtor. There must be participation by the transferee in the fraud. "It must appear that transferee co-operated and acted with the debtor to consummate the fraud." No such charge is made in the complaint against either Edith Schultz or Edward Schultz. The court was correct in sustaining the demurrer of each of these defendants. See Bank of Sanborn v. France, 49 N. D. 1, 177 N. W. 375.

To constitute a cause of action against the defendant Meyer the

plaintiff must be entitled to recover upon his note either for the principal or for past due interest. The note by its terms is not due until December 1, 1929. Apparently nothing is due on the principal. But plaintiff says the mortgage gives him the right to accelerate the maturity of the note upon failure to pay interest or taxes; that Meyer failed to pay the taxes and certain interest and that the plaintiff has exercised his option and has declared the whole sum due and payable. But this is not an action to foreclose the mortgage and the question arises does such an "acceleration clause" in the mortgage give the holder a right to accelerate the maturity of the note for any other purpose than to foreclose. So far as we have been able to ascertain this precise point has not been determined in this jurisdiction and an examination of the authorities shows diversity of opinion. In Cosgrave v. McAvoy, 34 N. D. 343, 353, 139 N. W. 693 the distinction is noted but not determined because not in issue. There is no doubt but what such an "acceleration clause" is valid and can be resorted to in the foreclosure of a mortgage. This general rule is laid down in 1 Jones on Mortgages, § 7th ed. § 76. See Fairbairn v. Pofahl, 144 Ark. 313, 222 S. W. 16. Some courts hold that the presence of such provision in the mortgage permits an acceleration of the note in a suit on the note alone even though such provision is not contained in the note. In Brewer v. Penn Mut. L. Ins. Co. 36 C. C. A. 289, 94 Fed. 347, this rule is laid down, relying upon the authority of the case of Wheeler & W. Mfg. Co. v. Howard (C. C.) 28 Fed. 741, and it is stated such a clause in the mortgage gave a right to declare the notes due for all purposes and to collect them by suit in the ordinary form as well as by foreclosure. The action was for the deficiency after the foreclosure proceedings had terminated. See also Evans v. Baker, 5 Kan. App. 68, 47 Pac. 314. The contrary rule, which we believe to be the better rule, is well set forth in the case of White v. Miller, 52 Minn. 367, 19 L.R.A. 673, 54 N. W. 736. Here the court says: "A negotiable promissory note due in the future according to its terms, cannot be brought to immediate maturity through a clause in a mortgage given to secure the same, authorizing the mortgagee to declare the debt or note due upon default in any of the provisions found in the mortgage." In the body of the opinion the court discusses the relationship between the note and the mortgage and the effect of such a provision upon the negotiability of the note. The court says: "The plain-

tiff contends for a doctrine which seems to incorporate the provisions of a collateral instrument given for one purpose—mere security, which may be ignored if the creditor chooses—into another instrument made for another purpose—to evidence the debt, which is the principal thing." This is the exact situation at bar. Such acceleration clause is for the purpose of foreclosure only and in the event of foreclosure. If the plaintiff waives his right to foreclose, or ignores the right then he has waived that provision in his mortgage or ignored it. Nowhere in the note do we find any reference to the mortgage. So far as the note indicates it is absolutely independent of any other contract, except for the "rubber stamp" addition. Plaintiff chooses to stand upon the note and is bound by the terms of the note. In the case of Westminster College v. Peirsol, 161 Mo. 270, 61 S. W. 811 the court holds under a similar provision that "the note is not affected as to the date of its maturity—except for the purpose of enforcing the security." In American Nat. Bank v. American Woodpaper Co. 19 R. I. 149, 20 L.R.A. 103, 61 Am. St. Rep. 746, 32 Atl. 305, the court held that such an acceleration clause in bonds does not become "a right of action for the principal before maturity of the bonds, independently of foreclosure proceedings." In that case bonds were issued and stated they were secured by mortgage but the court says "these bonds are not given as collateral to a note secured by mortgage but the mortgage is security for the bonds themselves." And again says "the bonds do not make the terms of the mortgage a part of the contract." They simply recite that they are secured by a mortgage," and states that you cannot import the terms of the mortgage into the contract as set forth in the bond. In the case of Rasmussen v. Levine, 28 Colo. 448, 65 Pac. 94, the court says in the body of the decision: "The conditions in the mortgages could only be taken advantage of for the purpose of declaring due the note thereby secured for the purpose of foreclosing such mortgages, and no other." The case of McClelland v. Bishop, 42 Ohio St. 113 and the case of Owings v. McKenzie, 133 Mo. 323, 40 L.R.A. 154, 33 S. W. 802, are to the same effect. In the case of Alwood v. Harrison, 66 Okla. 203, 171 Pac. 325, we have a case similar to the one at bar, and the Court says the acceleration clause in the mortgage was for the purpose of foreclosure only, "that default in the payment of said interest did not work the maturity of the note and antedate the time of the payment stated in the

note when, as in the instant case, an action is brought upon the note alone and an attachment based upon said note is issued and levied."

See also Hodge v. Wallace, 129 Wis. 84, 116 Am. St. Rep. 938, 108 N. W. 212.

The Supreme Court of Minnesota had occasion, subsequent to the White v. Miller Case, to pass upon the point from a somewhat different angle. A note had been executed and secured by a mortgage and the mortgage had an acceleration clause which clause was absent from the note; the mortgage was foreclosed and there was a deficiency. The court said: "The fact that the mortgage had been foreclosed and the action was to recover a deficiency judgment does not distinguish the case from White v. Miller. The portion of the debt sought to be recovered is not yet due." Burnside v. Craig, 140 Minn. 404, 168 N. W. 176. In Birken v. Rickey, 42 S. D. 472, 176 N. W. 137, the court says: that with reference to the acceleration clause in the mortgage "the intent in such case being merely to give to the payee or his endorsees the right to realize on the security at once or on the happening of the contingencies, leaving all personal liabilities to be determined on the provisions of the note." It will be noticed the note makes no reference to this acceleration clause and from the terms of the note itself it is clear the parties intended it to be a negotiable instrument. We are not required to read into the note a provision which might render it non-negotiable. There is no cause of action for the principal.

Though the principal be not due is there past due interest? This point has given us more difficulty than any other issue involved in the case. It must be conceded that if interest be past due an action may be maintained on the note for such interest, even if the principal be not due; see Calhoun v. Marshall, 61 Ga. 275, 34 Am. Rep. 99. But the general rule is that interest becomes due and payable at the time that the principal becomes due, and not before unless a contrary intent is shown. 33 C. J. 187; Hollywood Union High School Dist. v. Keyes, 12 Cal. App. 172, 107 Pac. 129. In this case the California court receded from the position it took in the case of Murphy v. San Luis Obispo, 119 Cal. 624, 39 L.R.A. 44, 51 Pac. 1085. See also Koehring v. Muemminghoff, 61 Mo. 403, 21 Am. Rep. 402. The provision that the note shall bear interest "at the rate of six per cent per annum until due" does not show a contrary intent, for the term "per annum" fur-

nishes the method of ascertainment, and has no reference to the *time* when such interest is to be paid. Consequently interest so reserved becomes due and payable only with the principal. 33 C. J. 188; Ramsdell v. Hulett, 50 Kan. 440, 31 Pac. 1092. It is not synonymous with "payable annually."

It is the claim of the plaintiff that the note itself by its endorsements shows the maker paid interest annually for a period of time, and that the affixion on the face of the note to the effect that the "maker reserves the privilege of paying $100, or any multiple thereof on any interest paying date" is indicative of an intent to construe the term "per annum" to mean "payable annually," especially if we consider the stamped portion as if it had been embodied in the note before the note was signed. In further support of this contention he cites the provision in the mortgage—"this mortgage to draw interest from August 28th, 1919, payable the first of December of each year, privilege of paying $100, or multiple at any interest payment date." We must not overlook in this case the fact that we are concerned solely with the interpretation of the contract set forth in the note. This is the contract sued upon. The reference to the mortgage in the complaint is for the purpose of showing authority to accelerate the date of maturity of the note. The stipulation authorizes us to consider the note and the mortgage in determining the issues raised by this demurrer. The provisions of the mortgage, however, are not to be read into the note unless the note itself shows such intent. The note standing by itself is a complete contract. Testing the note by the rules of interpretation laid down by this Court in Bronson v. Chambers, 51 N. D. 737, 741, 200 N. W. 906, we find the contract that was to be embodied in the note was reduced to writing and the intention of the parties, so far as the note is concerned can be ascertained from the writing itself alone. In addition, as interpretative of the same, we find on the note three endorsements of annual interest. Under the stipulation we consider these endorsements. We do not overlook the fact that the voluntary payment of interest, at times other than when the debtor is required to do so, does not alter his contract; and that the note without the stamped provision does not say the interest is "payable annually." In the case of Cooper v. Wright, 23 N. J. L. 200, we have a case where the debtor agreed to pay $1,275 in three years after date with interest. He paid one year's interest

in advance, but at the end of the second year he was sued for the second year's interest on the theory that his voluntary payment of interest for the first year indicated the contract between the parties, but the court said:

"It is the clear meaning and construction of the instrument that the defendant engaged to pay the principal sum, with interest, in three years. There is nothing in the idea suggested, that the very term interest implies that it is to be paid annually. Interest is the premium or recompense paid for the use of money, and it is usually computed at so much per centum annually. If no stipulation as to the time when the interest shall be paid, it will be payable, and then only, when the principal sum becomes due and payable. But here there is no room for ambiguity. The terms are, that the principal shall be paid, with interest, at the end of, or within three years from date. The voluntary payment in advance of part of the interest can make no difference in the construction of the instrument."

But the payment of annual interest may indicate, when taken in connection with the stamped provision referring to interest paying dates, that the parties contemplated the annual payment of interest. Unless there were such contemplation of annual payments, there will be no sense in the term "interest paying date," for the only interest paying date would be the maturity of the note.

We believe the court was in error in sustaining the demurrer on the ground that the amended complaint did not state facts sufficient to constitute a cause of action, as we believe the plaintiff was entitled to recover for the interest due. The order of the court overruling the demurrer as to the first and second grounds is sustained and the appeal of the defendants is thus disallowed. The court was in error in sustaining the demurrer on the third ground and so the appeal of the plaintiff is sustained except as to defendant Schultz. The plaintiff will recover costs in this court against defendant Meyer, and defendants Schultz recover costs.

BIRDZELL, Ch. J., and BURKE, NUESSLE, and CHRISTIANSON, JJ., concur.