**297 P.2d 352**

R. D. McCAIN and Harriet F. McCain,
Appellants,

v.

Avery STEPHENS, Appellee.

No. 6069.

Supreme Court of Arizona.

May 8, 1956.

Daniel E. Moore, Bisbee, for appellants.

Lloyd C. Helm, Douglas, for appellee.

PHELPS, Justice.

This is an appeal from a judgment in favor of Avery Stephens, plaintiff-appellee, and against R. D. McCain et ux., defendants-appellants, arising out of a cropper's lease agreement between R. D. McCain and one J. C. (Jim) Herron. The parties will be hereinafter referred to as plaintiff and defendants as they appeared in the trial court.

Plaintiff filed an action in the superior court of Cochise County against defendants seeking damages for a breach of the above-mentioned lease contract which he alleges was made for his benefit. Later an amended complaint was filed. Both complaints were verified. Defendants duly answered and later filed an amended answer. Neither of said answers were verified. On the date of trial plaintiff moved to strike both the amended and original answer upon

the ground that they were not verified. The grounds upon which it is claimed the answers should have been verified will more fully appear later. The court ordered both answers stricken for lack of verification and proceeded to trial of the case and at the close thereof entered judgment for plaintiff.

On the appeal here, defendants have presented three assignments of error which we will consider seriatum:

1. The court erred in granting plaintiff's motion to strike defendants' answers:

(a) On the ground plaintiff had asked equitable relief, section 21–412, A.C.A.1939;

(b) On the ground of defect of parties, section 21–430, subsec. 4, A.C.A. 1939.

By turning to section 21–412, supra, we find that it provides that where equitable relief is asked and the party praying for such relief shall make oath that the allegations of the complaint are true in substance and in fact, the answer of the opposing party shall be under oath, unless the oath is waived in the complaint and each material allegation not denied under oath shall be taken as confessed.

Plaintiff moved to strike the amended answer of defendants upon the grounds that (1) leave of court was not first obtained before filing it; and (2) that said amended answer was not verified as required under the provisions of section 21–412, supra, and claimed that equitable relief was sought in this action. The court granted the motion upon the ground that the complaint sought equitable relief.

We cannot agree with this view. The plaintiff alleged a breach of contract made for his benefit and that he had been damaged thereby in the sum of $6,400 as and for his interest in the crops planted on 80 acres of defendants' land and for $750 as and for labor performed and expenses incurred in preparing an additional 34 acres for planting. As we view it, the complaint is clearly one at law for damages and the fact that plaintiff, in the alternative asked for one-third of the crops in the event he was unable to collect the cash therefor does not have the effect of converting the cause of action into one in equity.

Plaintiff then moved to strike the original answer because it was not verified according to the provisions of section 21–430, supra, upon the grounds (1) that it denied the execution of the agreement alleged in paragraph three of the complaint to the effect that the contract between McCain and Herron was made for the benefit of plaintiff; and (2) that the action was not being prosecuted in the name of the real party in interest. The court granted this motion on the latter ground holding in substance that it was equivalent to subsection 4, section 21–430, supra, or that subsection 4 thereof was broad enough to encompass the defense that plaintiff was not the real party in interest. We must again look to

the statute, section 21–430, supra, to ascertain upon what appellants rely and we find that it provides among other things:

"An answer setting up any of the following matters, unless the truth of the pleading appear of record, *shall* be verified by affidavit:

\*     \*     \*     \*     \*     \*

"(4) That there is a defect of parties, plaintiff or defendant."

▌ The terms "defect of parties plaintiff" and "real party in interest" are not at all similar in legal effect. Neither does one include the other. "Defect of parties plaintiff" is only applicable where there are too few parties plaintiff in the action. Baird v. Meyer, 55 N.D. 930, 215 N.W. 542, 56 A.L.R. 175. It means an absence of necessary parties. Muskogee Sand & Gravel Co. v. Hulbert, 156 Okl. 112, 9 P.2d 419. It does not even apply where there are too many parties plaintiff. Haley v. Sprague, 166 Or. 320, 111 P.2d 1031; 11 Words & Phrases, p. 564, under "Defect of Parties". "Party in interest" has no such connotation. It means simply that the party suing has such interest in the subject matter of the cause of action that entitles him to maintain said action in court.

▌ We hold that it was reversible error for the court to strike these answers. The cause of action was not one in equity. The amended answer therefore was not required to be verified under the provisions of section 21–412, supra, nor was the original answer required to be verified under the provisions of subsection 4, section 21–430, supra, for the reasons above stated.

We deem it advisable for guidance on the retrial of this case to discuss defendants' assignments of error two and three, notwithstanding the fact that the case must be reversed as above indicated. These assignments are (1) that the court erred in granting judgment for the plaintiff; and (2) that it erred in denying defendants' motion for a new trial. Under these assignments defendants argue that there is neither an allegation in the complaint nor proof to support the existence of a third-party beneficiary claim and even if there were the benefit is incidental only and therefore the contract is unenforceable. Defendants also both pleaded and argued that plaintiff's complaint did not state a claim. This question is likewise reviewable here under the rule laid down in Beltran v. Stroud, 63 Ariz. 249, at page 254, 160 P.2d 765.

▌ These assignments require an examination of both the complaint and the evidence. Paragraph II of the complaint alleges that in April, 1954, defendants entered into a share-cropping agreement with Herron for the leasing of certain land to Herron by McCain for growing crops that season. Paragraph III alleges that the agreement was entered into for the benefit of plaintiff and that defendants then knew

and were fully aware of that fact at all times mentioned in the complaint; that under the agreement plaintiff was to prepare the land, plant and cultivate a crop thereon for which he was to receive one-third of the crop grown; that in May plaintiff prepared the land for planting the crop, planted 80 acres thereof to milo maize and that thereafter, after said crop was up and growing, Herron executed a purported release of his interest in the leased land and the crops grown thereon to McCain, that thereupon defendants notified plaintiff of the purported release and demanded that he vacate the premises and refused to permit him on the premises again. We believe the above allegations of the complaint adequately allege a third-party beneficiary claim against defendants.

Defendants next contend that there is no proof whatever in the record of an agreement for the benefit of plaintiff. This conclusion seems to be based upon the erroneous conception that the written lease introduced in evidence constitutes the contract between Herron and McCain and is the sole measure of their obligations in the matter and of plaintiff's rights in this litigation. The complaint does not so allege. The above allegations and the proof offered at the trial indicate that plaintiff grounds his claim upon an oral agreement between McCain and Herron.

It is our view that if plaintiff's claim has any basis upon which to rest it must be found in the terms of an oral agreement between Herron and McCain about which testimony was received at the trial. The written lease upon which defendants rely does not purport to set forth any recognition of plaintiff as a beneficiary. According to the testimony of plaintiff's witnesses, it was executed pursuant to the oral agreement between McCain and Herron to the effect that McCain would lease the land to Herron for Stephens to cultivate but that Herron would have to sign a written lease and stand back of Stephens because he (McCain) didn't know whether Stephens had the "wherewith" to carry it out. Plaintiff's proof was to the effect that Stephens had previously leased 80 acres of land from Herron and planted it to sunflower seed; that the rabbits had destroyed much of it and Herron, after conferring with Stephens, leased the land from McCain to help Stephens recoup some of his losses. The kind of crop to be grown on the land was not determined by McCain and Herron at the outset but according to Herron's deposition, when they were discussing, at a later date, the question of what crop should be grown thereon, McCain suggested that Stephens be called into consultation on the matter and when asked about it Stephens replied that it didn't make any difference to him, whereupon McCain told him "You are just as much interested as we are."

Herron further stated in his deposition that McCain not only knew that Stephens

was to cultivate the land covered by the lease and of Stephens' interest in the crop, but agreed with Herron that Stephens was to receive one-third of the crop for cultivating it. Plaintiff also offered other evidence bearing upon the existence and terms of the oral agreement alleged in the complaint.

■ Defendants next argue that plaintiff was at most an incidental beneficiary and therefore cannot maintain this cause of action. Under no circumstances can plaintiff be classified as an incidental beneficiary. According to the evidence adduced he was to prepare the soil, plant the seed and cultivate the crop to maturity for the benefit he was to receive. See Seargeant v. Commerce Loan & Inv. Co., 77 Ariz. 299, 270 P.2d 1086. Whether Stephens was a donee beneficiary or a creditor beneficiary is immaterial. In either capacity he has the right to maintain this action.

Judgment reversed and cause remanded with directions to set aside the order striking defendants' answers and for further proceedings not inconsistent herewith.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.